### HOGSETT v. STATE, 40 Miss. R., 522.

#### LARCENY.

The admission of improper testimony, when no objection is made to it at the time, is no ground of error.

An instruction that assumes that statements made by an accused are a confession of his guilt is erroneous. It is for the jury to determine, upon consideration of his whole statements, whether or not they show guilt, and that is a matter entirely for their determination.

An instruction which assumes the grade and weight of a supposed confession is erroneous. It is the duty of the court to admit the evidence, and to tell the jury that it is competent evidence to be considered by them; and this is the whole extent of the power of the court over the matter.

To constitute larceny, it is not necessary that the accused should have actually laid his hands on the article stolen; it is sufficient if he, with an intent to commit larceny, is near by, aiding and abetting other parties.

Error to Rankin circuit court. WATTS, J.

The opinion of the court contains a sufficient statement of the facts of the case.

*A. R. Johnston*, for plaintiff in error.

The court erred in permitting witness Hudnall to testify as to the statement of Lemly to witness that the wagon used for hauling the cotton alleged to be stolen was his, and that accused was the driver hired by him. Lemly being a competent witness, evidence of his statement was clearly open to all the objections to hearsay.

In the first charge for the state, the court erred in assuming that plaintiff in error had *confessed* his guilt. There is no confession given in evidence, as his mere *statement* constantly asserted his innocence. The court instructed the jury that they might, without adverse evidence, reject any part they chose of his statement.

In the second charge for the state, the court instructed the jury in effect that, though the accused might have been present innocently, believing the purpose lawful and honest, yet the mere fact of his being present, aiding in removing the cotton, was conclusive of his guilt. This was calculated to mislead the jury, and doubtless did so, and was error.

Besides the erroneous instructions, the verdict was contrary to the law and the evidence, and the new trial should have been

granted. The only evidence of the guilt of the accused is his own statement, and the identification of the wagon used in carrying away the cotton. The latter was proved by hearsay testimony. The statement of the accused, as a whole, denies his guilt, and explains suspicious circumstances, and throughout proclaims his innocence. It is a mere exculpatory statement, and not a confession, as the court erroneously charged the jury. Hence the legal principle, that portions of a "confession" favorable to accused may be rejected, does not apply. The statement was not sufficient of itself to warrant conviction. Besides, the evidence of a fellow-freedman, and of Mr. Hogsett, his former master, showed that previously he had a good character for honesty. The latter states that accused had charge formerly of the depot business of the Southern Railroad, and always proved to be faithful and honorable. I am aware that when there is direct proof of guilt, proof of former good character is inadmissible. But where the proof is not clear, and circumstantial proof alone is on, such proof is admissible. 2 Stark. Ev., 303; 1 Phill. Ev., 468 (ed. 1849); 3 Phill. Ev., 623, note 318.

His guilt being at least doubtful, his good character, as proven, ought to have secured a verdict of not guilty.

*Cooper* and *Smith,* on same side.

The only evidence to support the indictment was the fact that accused was driver of the wagon used in stealing the cotton. In this, as in cases of suspicion or presumption arising from a recent possession of stolen property, if the accused can give a reasonable account of such possession, he cannot be convicted. In this case the accused did give a reasonable account, which was not controverted by other proof. His statement is not a *confession,* but a mere explanation, and furnishes such an account as ought to acquit him, in the absence of proof of *its* falsity.

Independent of the erroneous charges, there was not proof sufficient to warrant a conviction. Surely there was not enough to prove guilt beyond a *reasonable doubt.* Algheri v. State, 25 Miss., 589. The instructions of the court are in conflict with

the ruling of the high court in the cases of Brown v. State, 32 Miss., 433, and Wesley v. State, 37 Miss., 329.

The first charge assumes a *confession* by the accused, and its confirmation by circumstances, rendering it the *highest evidence* of his guilt, whereas every word that he utters is in *positive denial* of guilt.

The second charge assumes that he was *aiding* and *abetting.* The proof is that he was there not by his own consent, and did not aid or assist.

*C. E. Hooker*, attorney general.

The admissions of accused, made to Holland and Jayne, coupled with his flight when pursued with the other thieves, conclusively establishes his guilt. Accused cannot shelter himself under the plea that he acted as agent for another. Kliffield v. State, 4 How., 307. "A verdict founded on circumstantial evidence will always be permitted to stand, unless it is opposed to a decided preponderance of evidence, or is based on no evidence whatever." Browning v. State.

A correct verdict will not be set aside for erroneous instructions, when, if correctly given, they could not have changed the result. So, in a case brought up on a refusal to grant a new trial, when the verdict is according to the law and the evidence. Hill v. Calvin, 4 How., 231; Baynton v. Finnal, 4 S. & M., 193. There is no special bill of exceptions to the instructions other than that to the overruling of the motion for a new trial. This court has decided that they will not notice objections to instructions, unless they are embodied in a bill of exceptions. In the case of Hayne v. State, 3 Ga., 400, the court say: "Conceding that defendant's instruction, which was refused, was correct, and should have been given, the verdict ought not to be set aside, as it was manifestly correct on the evidence.

The confession of the accused, corroborated by circumstances calculated to convince the jury of its truthfulness, constitutes the highest character of evidence. 2 Russ. Cr., 824, notes *a*, *b*. The instruction of the court below is entirely different from that in Brown v. State, on that state which existed in Stringfellow's case, on which the decision in Brown's case is based.

Handy, J. :

The plaintiff in error was indicted and convicted in the circuit court of Rankin county, for the larceny of two bales of cotton.

The evidence on which the conviction was founded is in substance as follows: Joseph Hudnall testified that, about 11 or 12 o'clock at night, he was informed there was a noise at the gin-house on his father's plantation, and he supposed some one was stealing cotton; that he made haste and proceeded to the gin-house, and pursued a wagon and overtook it about half a mile from the gin-house, and it contained two bales of cotton, which he identified as his father's. On his overtaking the wagon, the persons who were with it fled, and he saw no person. On the next day he went to Brandon to find the owner of the wagon, but could not; and on the following day, accompanied by Col. Jayne, he went to Jackson, taking the wagon with them, and they drove up before S. Lemly's door, and Mr. Lemly acknowledged that the wagon was his, and that the accused was hired by him as his driver to do hauling, and that he paid him by the month or week. The accused was then present, and stated that, as a wagoner, he had been hired to go to Rankin county, and haul some cotton to Jackson; that the man who hired him had paid him $15, and promised to pay him $10 more when the hauling was completed; that he started with his wagon, and after proceeding about five or six miles in the direction of Brandon, as directed, the white man who had hired him met him, and told him that he could not get the cotton he originally intended him to haul, and that the accused would have to go to Brandon and haul other cotton; that the accused, with another negro, came on to Brandon, where they stayed until late at night, and with the white man, and two other negroes, who got on the wagon, proceeded to Mr. Hudnall's gin-house; but just before they reached there, the wagon made a considerable noise, and the white man cursed the accused, and told him not to make so much noise; that the accused then suspected for the first time that the object of the white man was to steal, and he told the white man he had better drive the wagon himself, and that accused gave up the driving to him; that the accused

was mad, and did not help to load the wagon, but was near by; that he did not know the white man's name, but had often seen him in Jackson, and knew his face. Witness Hudnall stated. that the cotton was taken from his father's gin-house in Rankin county, and was worth $200 per bale.

Jayne corroborated the statements of Lemly and the accused, as detailed by Hudnall, and this was all the evidence for the state.

Two witnesses for the accused testified that they had known him for many years, and that he had always sustained a good character for honesty. And here the evidence for the defense was closed.

The first error assigned is, that the declarations of Lemly, as stated by the witness Hudnall, were improperly allowed to go to the jury.

This evidence went to the jury without objection on the part of the accused, and therefore its admission cannot be assigned for error; but besides this, it was immaterial, since the substance of it was admitted in the statements made by the accused; and having been made in his presence, and not denied, it must be taken as adopted by him.

The second error assigned is, that the court granted the first instruction asked by the state, which is in these words:

"That the confession of the accused of his guilt, when confirmed by circumstances, becomes the highest evidence of his guilt; and the jury have the right to receive a portion of the confession, and reject other portions, if the attending circumstances, in their opinion, warrant such rejection."

This instruction is objectionable in two respects: 1st. It assumes that the statements made by the accused were a confession of his guilt. It went to the jury as the opinion of the court, that the statements had that effect in law. This was error. It was for the jury to determine, upon consideration of his whole statements, whether or not they showed guilt, and that was a matter entirely for their determination. He was entitled to the benefit of all he said at the time, if anything tending to his exculpation, and that was to be considered by the jury in connection with such facts stated by him as tended

to inculpate him; and from the whole the jury should have been left free to determine whether it showed his guilt or not. 2d. It instructs the jury as to the grade and weight of the assumed confession. This was erroneous. It was the duty of the court to admit the evidence, and to tell the jury that it was competent testimony to be considered by them; and that was the extent of the power of the court over the matter. All the rest was the province of the jury. It was for them to graduate its character and to determine its effect; and it having been pronounced competent to be considered by them in making up their verdict, it rested with the jury alone to give such weight to it as, under all the circumstances, they might consider it entitled to. Neither the weight nor the character of the evidence was within the province of the court, as a matter of law to be declared by the court, but in both respects it was a matter to be fixed by the jury. The court declares the law, and the jury responds to the facts. The powers of each are well defined, and cannot be too carefully observed; and an encroachment of either upon the province of the other cannot fail to produce confusion. A practice leading to such a result cannot be too firmly discountenanced.

The instruction comes fully within the rule in Brown v. State, 32 Miss., 433. It is insisted, in behalf of the state, that the clause in the instruction as to *confirmation by circumstances*, takes it out of the principles recognized in that case. But we do not think so. If there were independent circumstances in this case, tending to corroborate the statements of the accused, and to show his guilt, such circumstances were proper to be considered by the jury, who, it must be presumed, would give them their due weight as matters of fact. But there was nothing in that state of facts calling upon the court to declare as matter of law, that such evidence was of the highest grade to establish guilt.

The third assignment of error is, that the second instruction given for the state is erroneous. It is, " that though the prisoner may not have laid his hands upon the cotton, yet if he was near by, aiding and abetting the parties, he is deemed a participant, and that is a sufficient taking."

This is undoubtedly correct as an abstract proposition, and we think it was proper in reference to the evidence in this case. It submitted the question of the presence of the accused with a criminal intent to the determination of the jury, and we think the evidence was such as properly to present that question for their consideration. Taken in connection with the sixth instruction given for the accused, the rule of law on the whole question was properly stated to the jury.

The fourth and fifth assignments refer to the sufficiency of the evidence to sustain the verdict, and as that question will be properly presented to the jury upon the new trial, it is not proper that we should now express any opinion upon the subject.

The judgment is reversed, the verdict set aside, and the case remanded for a new trial.