## SHINES v. STATE, 42 Miss. R., 331.

### LARCENY.

Under an indictment for grand larceny, if the jury find the defendant guilty, they must also find the value of the property feloniously taken.

On the trial of an indictment for grand larceny, where the jury return a verdict of guilty as charged in the bill of indictment, but fail to find the value of the property feloniously taken, the court has no power to fix the value of the property and the grade of the offense.

S. was indicted for the larceny of two yearlings, of the value of thirty dollars. The jury returned as their verdict, " Guilty as charged in the bill of indictment." *Held:* That the failure of the jury to find the value of the property stolen was error, which the court had no power to correct.

Error to the circuit court of Madison county. CAMPBELL, J.

At the September term, 1867, William Shines (f. m. c.) was indicted for the larceny of two " yearling calves, of the value

of fifteen dollars each, and in the aggregate of thirty dollars in value, being the personal property of John D. Hart." At the same term of the court the plea of "not guilty" was entered. The issue joined between the state and Shines having been submitted to a jury, they returned the following verdict: "We, the jury, find the defendant guilty as charged in the indictment."

The counsel of Shines moved to set aside the verdict of the jury; the grounds of the motion do not appear in the record. The motion was overruled, and the following judgment entered: "A jury of good and lawful men having found the defendant, William Shines, guilty as charged in the bill of indictment, it is ordered by the court that a verdict of petit larceny be entered upon the minutes." It is further ordered that defendant be fined the sum of twenty-five dollars, and pay costs, and remain in custody until fine and costs be paid."

A motion for a new trial made and overruled. Writ of error to this court. The errors assigned here are:

1. The court erred in overruling the motion for a new trial.

2. The verdict of the jury was not warranted by the evidence.

3. The court erred in the sentence passed on plaintiff in error, the same not being in accordance with indictment and verdict of the jury.

*C. Shackleford*, for plaintiff in error.

*A. R. Johnston*, for the state.

The value of the property was shown by the testimony. The plaintiff in error was indicted for grand larceny, and on the principle the greater includes the less, it was an indictment for petit larceny. The court below in its sentence treats the verdict under the evidence as showing a case of petit larceny. The defendant is convicted by the verdict of a theft. The offense is either grand or petit larceny. Can plaintiff in error be heard to complain that his sentence is too light?

The proof of guilt is strong, certainly sufficient to authorize the verdict. But the court will never set aside the verdict in

a case like this, unless there is a great and manifest preponderance of evidence against the verdict. Jenkins v. Whitehead, 1 S. & M., 157; Leflore v. Justice, 1 ib., 381; Van Vacter v. Brewster, 1 ib., 400; Ellzy v. Stone, 5 ib., 20.

JEFFORDS, J.:

The plaintiff in error, Shines, was indicted before the circuit court of Madison county, in this state, for the crime of grand larceny, was tried at the September term, 1867, of that court, and a verdict rendered against him of "guilty as charged in the indictment."

There are three assignments of error, but as the third assignment must be decisive of this case, we pass over the others, and proceed to examine this alone, which is, that "the court erred in the sentence passed on appellant, the same not being in accordance with the indictment and verdict of the jury."

The indictment alleged the value of the property stolen to be thirty dollars.

The proof, as embodied in the bill of exceptions, discloses the fact that Shines stole a yearling calf of the value of from five to seven dollars, which, under our statute, is petit larceny.

On the 7th day of October, 1867, the jury returned a verdict of "guilty as charged in the indictment," without finding the value of the property alleged to have been stolen, and without specifying the grade of the offense. On the following day the defendant moved the court to set aside the verdict of the jury; which motion having been heard and considered, was overruled by the court. The same day the court "ordered that a verdict of guilty of *petit larceny* be entered upon the minutes," and thereupon sentenced the defendant to pay a fine of twenty-five dollars and the costs of prosecution, and to remain in the custody of the sheriff until the fine and costs should be paid.

There is, of course, no question whatever but that the indictment charging grand larceny embraced also the charge of petit larceny; and there is no doubt that if the testimony would not justify a conviction of the greater, the jury might have returned a verdict of guilty of the lesser offense.

It was the duty of the jury to find whether an offense had

been committed, and if so, to fix the value of the property stolen, and whether it was grand or petit larceny. Joseph Thomas and Pendleton Thomas v. State, 5 How., p. 32; Dick v. The State, 3 Ohio State.

If the verdict was uncertain, ambiguous, or informal, the court had the most unquestionable right to direct the jury to correct the form of their verdict before discharging them. But we have been unable to find any precedent which authorizes the court to usurp the power and place of the jury, and do that which the jury alone are empowered by the law to do; that is, to ascertain and determine from the *facts* the guilt or innocence of the accused, and establish the degree of his offense. The court cannot legally intermeddle with the facts in a jury case. The question of guilt or innocence is one of fact, and so as to the value of the property.

If it is error to instruct the jury as to the *grade* or *weight* of testimony, how much more strongly must this be the case when the court assumes to pass upon the whole facts of a case. Hoggsett v. The State, 40 Miss., 522.

If the court can reform the verdict in one respect, why not in another?

The law has erected impassable barriers between the courts and juries, and one cannot encroach upon the province of the other without producing fatal results. Having failed to correct the verdict in this case before the jury were discharged, the court could not alter or amend it afterwards.

Judgment and sentence reversed, cause remanded, and *venire de novo* awarded.