## TOM THOMPSON *v.* THE STATE.

1. CRIMINAL LAW.     *Instructions.*

> The practice of charging juries that they may consider particular portions of the evidence with reference to the other evidence, while not commendable, affords no ground of reversal.     *Cheatham* v. *State*, 67 Miss., 335, cited.

2. SAME.     *Confession of accused.     Weight of evidence.     Code* 1892, § 732.

> It is error, however, to instruct the jury, upon the trial of one indicted for grand larceny, that "a confession freely and voluntarily made is among the best evidence known to the law, and that, if they believed from the evidence that the defendant made such a confession, then they are authorized to consider it in connection with the other evidence," etc., the instruction being upon the weight of evidence and in violation of code 1892, § 732.     *Brown* v. *State*, 32 Miss., 433; *Hogsett* v. *State*, 40 *Ib.*, 522, cited.

FROM the circuit court of Franklin county.

HON. WM. P. CASSEDY, Judge.

Upon the trial of the appellant for grand larceny, testimony was introduced by the state to the effect that he was found in possession of the mare alleged to have been stolen, under circumstances of a somewhat suspicious nature; that he said he

had traded for the animal; and that, upon his apprehension, he tried to bribe one of his captors, and voluntarily confessed that he had stolen the mare to several of them.

The defendant, as a witness in his own behalf, denied the theft, and also denied having made any confession of guilt. In his denial of the confession he was supported to some extent by the testimony of several witnesses; he also introduced testimony tending to show an *alibi.* The instruction condemned by the court is set out in full in the opinion.

*Cassedy & Cassedy,* for the appellant.

1. There can be no doubt that the first instruction for the state is erroneous. Similar and almost identical instructions have been several times condemned by the supreme court of this state. *Brown* v. *State,* 32 Miss., 433; *Hogsett* v. *State,* 40 Miss., 522; *French* v. *Sale,* 63 Miss., 391; *Railway Co.* v. *Whitehead,* 71 Miss., 451.

2. Without the confession the evidence was not sufficient to justify a conviction. A complete *alibi* was proved, and, apart from the confession, there is nothing to disprove the account defendant gave of his possession.

*Wiley N. Nash,* attorney-general, for the state.

The evidence in relation to the confession went to the jury without objection on the part of the accused, and it was not improper to instruct the jury with reference to it as a part of the evidence. No objection was made at the proper time. *Hogsett* v. *State,* 40 Miss., 527. If the first instruction for the state be erroneous it does not necessarily follow that the judgment of the lower court should be reversed. The evidence shows a clear case of guilt.

COOPER, C. J., delivered the opinion of the court.

By the first instruction given for the state, the court informed the jury "that a confession freely and voluntarily made is among the best evidence known to the law, and, if the jury

believe, from the evidence in this case, that defendant did make such a confession, then they are authorized to consider this in connection with the other evidence in the case, and if, from all the evidence, they believe he did take, steal and carry away the mare, they should find the defendant guilty.''

We have never perceived upon what principle the trial courts have acted in singling out particular portions of the evidence in a cause, and telling the jury that it ought or might consider this, that or another part of the evidence, in connection with the other evidence, in reaching a verdict. By admitting the evidence the court has declared its competency, and the jury should be left to its function of determining the weight and effect to be given to it. Instructions, however, which do no more than this cannot be said to be erroneous, although it would be by far the better and safer practice to refrain from giving them. *Cheatham* v. *State*, 67 Miss., 335. But when the court not only singles out particular evidence, but proceeds further, and informs the jury that it is of a class most highly esteemed by the law—that is, of the highest or the best or the strongest character—this is a clear invasion of the province of the jury, and is expressly prohibited by law. The statute expressly provides that ''the judge in any cause, civil or criminal, shall not sum up or comment on the testimony or charge the jury as to the weight of evidence, but, at the request of either party, he shall instruct the jury upon the principles of law applicable to the case.'' Code 1892, § 732. The instruction given in this case has been repeatedly condemned by this court. *Brown* v. *State*, 32 Miss., 433; *Hogsett* v. *State*, 40 Miss., 522.

We are urged to affirm the judgment notwithstanding the instruction, but the sufficient reply to this is that we cannot say with confidence that no harm resulted to the appellant from the erroneous instructions. Whatever view we may entertain as to the weight of the evidence, the jury might, if it believed the testimony of the defendant, have found him not guilty. If the state's evidence was sufficiently strong to impel the jury to

convict without the constraint of the opinion of the judge, its
representative should have stood on the evidence alone, and
left the jury to reach the verdict, guided only by its own opin-
ion of the weight and effect of the confession.

*Judgment reversed.*