STATE HIGHWAY COMMISSION *v.* JOHNSON.

(Division A.  Nov. 6, 1939.)

[191 So. 820.  No. 33831.]

Brunini & Brunini, of Vicksburg, and E. R. Holmes, Jr., Assistant Attorney-General, for appellant.

890

Chaney & Culkin and **R. M. Kelly,** all of Vicksburg, for appellee.

**Griffith, J.,** delivered the opinion of the court.

There is involved here a proceeding in eminent domain to condemn a strip of land amounting to about three-fourths of an acre. There was a verdict for $2,000. Only two witnesses testified directly on the issue of value, and the first of these, introduced by the owner, proceeded at once to state over the objections of the Commission that before the taking he had made an offer of $5,000 payable in the stock of a proposed gin company for the three or four acre lot of which the strip in question was a part, and this was followed by the testimony of the only other witness, who was the husband of the owner, that the taking of the strip ruined the lot as a gin site.

It is definitely settled in this State, in accord with the rule in nearly every jurisdiction, that an offer for property is not admissible as evidence of value. Louisville, N. O. & T. Railroad Co. v. Ryan, 64 Miss. 399, 404, 8 So. 173; Illinois Central Railroad Co. v. LeBlanc, 74 Miss. 626, 645, 21 So. 748.

Appellee contends, however, that the error in the admission of the challenged evidence should not reverse because there was other competent evidence of value, and appellee relies on Louisville N. O. & T. Railroad Co. v. Ryan, supra. In that case it was held that the state error would not reverse where there was an abundance of other evidence to sustain the verdict, but we cannot consent to the proposition that there is an abundance of other evidence when the only other witness is the husband of the owner deeply interested in the result, and where the question at issue is so largely bound up in estimates and opinions on the matter of land values, in which regard, interest will inevitably affect the testimony of the interested party, however honest in it he may intend to be.

Inasmuch as the case is to be remanded for a new trial, we call attention to another feature in the evidence to which the Commission did not object when it was first mentioned, but did later object when the matter was

again brought up. There is a small sawmill on the land of the owner and adjoining the right of way strip here in question. This mill had been paying a ground rental of $20 per month, but upon the expiration of that lease and after the strip was actually taken and the new highway laid thereon, the lease was renewed at $30 per month. The point to which we here direct attention is that the husband of the owner was allowed to testify that the lessor ''was going to pay fifty dollars a month'' for the new lease, but after the taking of the strip refused to pay more than $30.

There is no showing whatever that this fifty dollar per month proposition had ever gone further than a tentative offer, wherefore it would seem to come within the rule respecting offers or proposals, in regard to which we have already said that offers or proposals are improper as evidence upon values. But the admissibility of this rent proposal is not argued by the Commission in its brief, and for that reason we prefer to make no definite decision on the precise point, but state it in the manner that we have done in order that the parties may not be misled about it on the new trial.

Reversed and remanded.