ETHRIDGE, Chief Justice.
The Mississippi State Highway Commission, appellant, filed this petition in eminent domain in the Circuit Court of Pearl River County, against James R. Gipson and wife. The jury verdict of $3500 was incorporated in the judgment of the circuit court.
The Gipsons owned Lot 18, Woodland Heights Subdivision, Part I, of the City of Picayune. The lot fronts for eighty-three *621 feet on Millswood Road, with a depth of 142 feet. The location, witnesses said, was in “the best residential subdivision in Picayune.” On ths lot, fronting with a concrete driveway on Millswood Road, is the residence of the Gipsons, constructed in 1966 and purchased by the Gipsons in February 1967 for $18,600. Since that time they have spent $3500 improving the property. Millswood Road, a quiet subdivision street, runs north to Sycamore Road, which goes east and west and is a relatively quiet, two-lane street. North of the Gipsons’ lot is a vacant lot, and above that is Sycamore Road.
For the purpose of constructing Highway 43, the Commission will take a small triangular strip of appellees’ lot off of its northeast corner fronting Millswood Road, with 14.3 feet fronting on Millswood Road. The other two lines of the triangle are 64.6 feet by 66.2 feet, or .02 of an acre, leaving .26 of an acre. New Highway 43 will be a four-lane, through highway, with its travelled portion located fifty-three feet from the home of appellees. Between the travelled portion of the highway and appellees’ home, there will be a three-foot, flat-bottomed ditch twenty feet wide. The highway will have a four-foot fill at its center line, with a two and one-half foot fill at the curb line. The edge of the highway right-of-way, according to the project engineer for the Commission, will be fourteen feet from the Gipson house; and according to a witness for appellees, it will be twelve feet six inches from the Gipson house. When Highway 43 is constructed, it will intersect with Interstate Highway 59 some distance to the east of this land and will carry heavy, through traffic within fifty-three feet of appel-lees’ home.
The only valuation witness for the Commission was J. W. Morgan, who gave a before-taking value of $20,000, and after-taking value of $19,500, with damages of $500. The only damage Morgan allowed appel-lees was the actual value of the triangular strip being condemned. He thought that there was no allowable diminution of market value in the remainder of the lot.
Appellees testified that the before-taking value was $22,000, after-taking, $14,500, with damages of $7,500. Mrs. Willie C. Ryan, a real estate broker, testified that the before-taking value was $21,250, after-taking, $14,875, with damages of $6,375. Ferris E. Tate, another broker, said that the before-taking value was $21,085, after-taking, $15,813.75, with damages of $5,-271.25. Appellees’ witnesses concluded that the construction of a new highway immediately adjacent to appellees’ residence would severely damage the market valué of the property. It would make it less desirable as a residential location, and would destroy the quiet, beautiful location of the property as it was before the taking. Restrictive covenants for the subdivision prohibit its use as commercial property.
With those latter conclusions we agree. The Commission is constructing a four-lane, through highway within twelvé feet six inches of appellees’ home. The paved, travelled portion is fifty-three feet from the house. In order to do this, it is taking a part of appellees’ well landscaped lot in a quiet residential subdivision. The noise and fumes from this heavy traffic will severely damage the remainder of the property in terms of its fair market value after the taking. The jury’s verdict of $3,500 is amply supported by the evidence.
In Mississippi State Highway Commission v. Colonial Inn, 246 Miss. 422, 149 So.2d 851 (1963), the Commission took a strip of land five feet wide and 159 feet in length near some motel units. The Court held:
In the instant case, part of the owner’s land has been taken. The remainder abuts on the highway, and defendants are entitled to compensation for injuries to it caused by the noise, vibrations, and increased proximity of the highway traffic allocated to the additional land taken. Compensation for such injury is allowed, not as a distinct element of dam *622 ages, but only as affecting the market value of the property. Moreover, the injury must be special, and not such as is common to all the property in the neighborhood. * * *
Mississippi Constitution, 1890, Sec. 17 requires due compensation for private property “taken or damaged for public use.” The jury was justified in finding, upon Mann’s testimony, compensable severance damages of $5,200, because of the increased proximity of the highway traffic, resulting from the taking of the strip of land five feet in width. * * *
The generally accepted doctrine is that any type of damage may be considered insofar as it impairs the “fair market value” of the remaining property. The jury is not necessarily restricted to certain common, stereotyped forms of damages, but all special damages must be considered in their bearing on market value and not as separate items of compensation. * * *
Where part of a tract is physically appropriated, the condemnor should pay severance damages, i. e., the depreciation in the fair market value of the remaining area. (246 Miss. at 430, 431, 432, 149 So.2d at 855.)
The rules stated in Colonial Inn are applicable to the instant case. Appellees’ compensable severance damages support the verdict of the jury.
The trial court properly refused to exclude the testimony of two valuation witnesses for appellees. They made their inspections of the property on May 7 and May 9, 1969, and the date of the taking was April 10, 1969. However, the context of their testimony reflects no change in condition during this short period. The trial court did not abuse its discretion in so holding, and even if error, it was harmless error. Mississippi State Highway Comm. v. Frierson, 240 So.2d 457 (1970). Nor did the trial court err in sustaining objections to appellant’s attempted cross-examination about comparable sales along old Highway 43, which is not in the area of the subject property.
Appellant complains of the trial court’s refusal of a requested instruction. The Commission obtained an instruction stating that the measure of damages was the before and after market value. The court refused an instruction stating that the measure of damages is the before and after market value as to .28 acre before, and .26 acre “remaining immediately after the taking, without considering general benefits or injuries resulting from the use to which the land taken is to be put, that are shared by the general public.” The general form of the refused instruction was approved in Pearl River Valley Water Supply District v. Wood, 252 Miss. 580, 172 So.2d 196 (1965). However, Wood dealt with a large tract of land, 135.6 acres, of which 113.8 acres were taken, whereas here the taking is of a portion of a small city subdivision lot.
Further, defendants were granted an instruction in accord with the statute, stating that due compensation is not only the value of the property taken, “but also for damages, if any, which may result to them as a consequence of the taking; and you are not to deduct therefrom anything on account of the supposed benefits incident to the public use for which the application is made.”
The only issue in this case is the amount of damages to which appellees are entitled. When the state’s given instruction is read along with the quoted instruction granted the defendants, we think that the jury was adequately instructed on the law. The refusal of appellant’s requested instruction, if error, was harmless error.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.