350 So.2d 1348 (1977)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
Frank ROBERTSON, Sr.
No. 49643.
Supreme Court of Mississippi.
October 26, 1977.
*1349 Danks, Craig & Moss, Ben J. Piazza, Jr., Earl Keyes Jackson, for appellant.
Stennett, Wilkinson & Ward, E.W. Stennett, Erwin C. Ward, James A. Peden, Jr., Jackson, for appellee.
Before SMITH, P.J., BROOM and LEE, JJ., and LOGAN, C.
FLOYD LOGAN, Commissioner for the Court:[1]
Mississippi State Highway Commission filed this action in a Special Court of Eminent Domain for Hinds County to condemn certain property located in the City of Jackson. The jury awarded the landowner, Frank A. Robertson, Sr., the sum of twenty-six thousand dollars ($26,000) damages, *1350 and the trial judge entered judgment for twenty-five thousand dollars ($25,000) to conform to the pleadings. The Commission appeals the award, and Robertson cross-appeals the remittitur of one thousand dollars ($1,000). We reverse and remand for a new trial.
The Highway Commission has assigned five errors in the trial below, but, since the case must be reversed and the other assigned errors probably will not recur, we only discuss two questions.

I.
Did the trial court err in admitting testimony of offers and opinions to purchase the subject property as evidence of the fair market value of the property condemned?
The landowner testified that, in his opinion, the value of the property before the taking was sixty-five thousand dollars ($65,000), and that his opinion was based on the fact he had been offered sixty-five thousand dollars ($65,000) for the property by a prospective purchaser. His opinion was not based upon a comparison of the value of his property with surrounding properties, but solely on what he had been offered for it. No objection was made by the Commission to this testimony.
Jack Bass, a justice of the peace, who had some experience with real estate, testified that he had offered Robertson sixty-five thousand dollars ($65,000) for the property prior to the taking. The offer was oral and no formal buy-sell agreement was ever executed between Bass and Robertson. No objection was made to this testimony by the Commission.
Frank Box testified that he had an option to purchase the property prior to its taking. The trial court sustained an objection to the admission of the option contract. Box then testified without objection that he had an option to purchase the subject property for sixty thousand dollars ($60,000), that he did not have a contract to purchase or a buy-sell agreement, and that the value in the option was "not necessarily" based on comparable sales.
Offers or options to purchase property are not competent evidence to establish the fair market value of property. State Highway Commission v. Johnson, 186 Miss. 889, 191 So. 820 (1939); 27 Am.Jur.2d, Eminent Domain, § 428 at 330 (1966); 29 Am.Jur.2d, Evidence, § 399 at 451 (1967). The testimony of Robertson, Bass and Box was, therefore, not competent to establish the fair market value of the property. The Highway Commission, however, made no specific objection to this evidence at the time it was offered. The fact that evidence which is introduced in a case may be, if objected to, incompetent evidence under some one or more exclusionary rules of evidence, does not destroy its probative effect, if admitted without objection. Meridian Hatcheries v. Troutman, 230 Miss. 493, 93 So.2d 472 (1957). The weight of such evidence is for the determination of, and is that which is attributed to it by, the trier of facts. Roberts v. Interstate Life and Accident Ins. Co., 232 Miss. 134, 98 So.2d 632 (1957); 29 Am.Jur.2d, Evidence, § 494 at 552 (1967) and 30 Am.Jur.2d, Evidence, § 1103 at 268 (1967). Although the Commission now assigns the admission of such testimony as error, this Court will not consider such an objection not specifically made to the trial court at the time the evidence was offered, and the trial court did not err in admitting same without objection. Lake v. Harrington, 210 Miss. 74, 48 So.2d 845 (1950); 5 Am.Jur.2d, Appeal and Error, § 601, at 67 (1962).

II.
Did certain jury instructions comment on the weight of the testimony?
Instruction No. 6 submitted by appellee and granted by the court over appellant's objection reads as follows:
The Court instructs the jury that a land owner in an eminent domain case is a competent witness in his own behalf and you should consider his testimony along with all of the rest of the testimony in the case. (Emphasis added).
*1351 This instruction states the general law as to the competency of the landowner as a witness in an eminent domain case. However, the question of the competency of witnesses is a question of law for the Court, while the weight and credibility to be accorded their testimony are questions of fact for the jury. Pearl River Valley Water Supply Dist. v. Wood, 252 Miss. 580, 172 So.2d 196 (1965). The instruction is, therefore, improper as an instruction on a matter of law which is not within the jury's function to determine. It is by nature argumentative and does not submit any fact finding for the jury's determination. Cheatham v. State, 67 Miss. 335, 7 So. 204 (1890).
More important, the instruction is a comment on the weight of the evidence and invades the province of the jury. Mississippi Code Annotated, Section 11-7-155 (1972) provides that "The Judge in any civil cause shall not sum up or comment on the testimony, or charge the jury as to the weight of evidence ...". This instruction singles out the testimony of the landowner as distinguished from the other testimony in the case and tells the jury that "they should consider his testimony." As this Court said in Gurley v. State, 101 Miss. 190, 57 So. 565 (1912):
We have never perceived upon what principle the trial Courts have acted in singling out particular portions of the evidence in a cause, and telling the jury that it ought or might consider this, that, or another part of the evidence in connection with the other evidence in reaching a verdict. By admitting the evidence the Court has declared its competency, and the jury should be left to its function of determining the weight and effect to be given to it. [57 So. at 566].
See also Thompson v. State, 73 Miss. 584, 19 So. 204 (1896).
Although the cases cited above are criminal cases, the propositions stated are applicable with equal force to civil cases.
Robertson's testimony that the property had a fair market value of sixty-five thousand dollars ($65,000) before the taking represents a three dollar and fourteen cents ($3.14) per square foot value for the property. This valuation is not supported by any testimony in the case other than the Bass offer of sixty-five thousand dollars ($65,000) and the Box option of sixty thousand dollars ($60,000), which were incompetent although not objected to. The highest valuation testified to by landowner's and condemnor's appraisers as supported by comparable sales was two dollars fifty cents ($2.50) per square foot. However, this comparable sale was distinguished from the subject property as being improved and having higher utilities. Robertson's testimony about the offer was not objected to, and its weight and credibility were for the jury's consideration along with the other evidence. Roberts v. Interstate Life and Accident Ins. Co., supra. The jury should have been allowed to make this determination, unfettered by the trial judge's comments upon Robertson's testimony. The granting of this instruction, over objection, was error.
Instruction No. 8 submitted by the landowner and granted by the court over appellant's objection reads as follows:
The Court instructs the jury that the opinion of experts as to values in eminent domain cases are not to be passively received and blindly followed, but are to be weighed by the jury and judged in view of all the testimony in the case, including your view of the premises and the jury's general knowledge of affairs and are to be given only such consideration as the jury may believe them entitled to receive. (Emphasis added).
As with Instruction No. 6, this instruction attempts to instruct the jury on the competency of witnesses. It is also argumentative and submits no fact determination to the jury.
The giving of a similar instruction disparaging the testimony of expert witnesses was condemned by this Court in Mississippi State Highway Commission v. Stout, 242 Miss. 208, 134 So.2d 467 (1961). In that case, this Court stated:

*1352 The instruction singled out and had the effect of disparaging the testimony of expert witnesses ... While both parties used expert witnesses, appellant used only three, all of whom were experts. [242 Miss. at 224, 134 So.2d at 473].
See also Coleman v. Adair, 75 Miss. 660, 23 So. 369 (1898); Louisville, N.O. & Texas R.R. Co. v. Whitehead, 71 Miss. 451, 15 So. 890 (1894).
All of appellant's witnesses in the case sub judice as to value of the subject property were expert witnesses.
What is the cumulative effect of Instructions Nos. 6 and 8? Instruction No. 6 told the jury in positive phraseology that they "should consider" the testimony of the landowner. In contrast, Instruction No. 8 denigrated the testimony of expert witnesses in negative phraseology which told the jury that their testimony should not be "passively received and blindly followed." Thus, the trial court commented upon the testimony by telling the jury to affirmatively consider the landowner's testimony while being cautionary about the expert witnesses' testimony. The granting of Instruction No. 8 over objection was error.
Inasmuch as the case is to be remanded for a new trial, we call attention to another feature in the evidence offered by the landowner to which the Commission offered some objections.
The property in question is triangular in shape. The apex or point of the triangle is to the west, and the side of the triangle directly opposite or to the east of the apex, fronts on Boling Street. This eastern boundary along Boling Street is the only access to the property. The Commission proposes to condemn a 30-foot strip along the Boling Street boundary. Robertson offered proof that the taking of the 30-foot strip along Boling Street would severely diminish the property's utility for a convenience store. No direct proof was offered to show the City of Jackson's building setback requirements for parking. However, Robertson's witnesses testified that somewhere between 40 and 75 feet of setback from the street was needed in order to park and turn around without getting into the street traffic. Taking the 30-foot strip would, therefore, push the convenience store building thirty (30) feet further west into the apex or point of the triangle. As a result, there would be no access to the rear of the building along the sides of the building due to the decreasing width of the property in the apex. Access to the rear of a convenience store is vital for the delivery of merchandise and garbage pickup.
Robertson and his expert appraiser, Morris Williams, termed this loss of utility "severance damage." Robertson testified the property would have virtually no value as a result of this loss of utility as a convenience store. Williams assigned it a "severance damage" of eight thousand dollars ($8,000). The Highway Commission repeatedly objected to testimony concerning the effect of the taking upon the utility of the property as a convenience store.
The testimony of the various witnesses showed the property was suitable for uses other than that of a convenience store, such as a fast food or hamburger chain store and billboard advertising. Special damages cannot be assessed to the taking by considering the property as having utility only for a convenience store.
The test of market value is not the property's value for a special purpose, but its fair market value in view of all the purposes to which it is naturally adapted ... What is done is merely to take into consideration the purposes for which the property is suitable as a means of ascertaining what reasonable purchasers would in all probability be willing to give for it ... [27 Am.Jur.2d, Eminent Domain, § 281, at 74, 75 (1966).]
The property's loss of utility as a convenience store due to the taking is not a special item of damage, but one of the factors to be considered in determining the fair market value of the property after the taking. Miss. State Highway Comm. v. Gipson, 240 So.2d 620 (Miss. 1970); Pearl River Valley Water Supply Dist. v. Brown, *1353 254 Miss. 685, 182 So.2d 384 (1966); Miss. State Highway Comm. v. Brooks, 239 Miss. 308, 123 So.2d 423 (1960).
For the errors mentioned, the cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.