530 So.2d 704 (1988)
STATE HIGHWAY COMMISSION OF MISSISSIPPI
v.
W.W. WARREN, et al.
No. 57932.
Supreme Court of Mississippi.
August 31, 1988.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Kenneth E. Crawford, Sr. and Alan M. Purdie, Asst. Attys. Gen., John H. Price, Jr., Thomas, Price, Alston, Jones & Davis, Jackson, for appellant.
John M. Mooney, Jr., McAllister & Mooney, Jackson, for appellees.
Before ROY NOBLE LEE, C.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
The State Highway Commission of Mississippi filed a condemnation proceeding on November 8, 1985, in the Special Court of Eminent Domain, First Judicial District of Hinds County, Mississippi, seeking to condemn for public use .145 acres of a 1.88 acre tract of land owned by W.W. Warren. Also named as party defendants in the condemnation proceeding were Steak and Ale of Mississippi, Inc., Donald Wayne Cooper and Win Vaughn, d/b/a The Silver Mine, and Perry N. Duggar and Carol A. Duggar, d/b/a The Wedding Gallery, Inc., each of whom held a leasehold interest in a part of the condemned property.
*705 The trial commenced on March 25, 1986. At the conclusion of the evidence, the case was submitted to the jury, which returned a unanimous verdict finding that $375,000.00 was due the defendants because of the taking. The jury allocated compensation to each defendant as follows: $200,000.00 to W.W. Warren, $150,000.00 to Steak and Ale of Mississippi, Inc., $15,000.00 to The Silver Mine, and $10,000.00 to The Wedding Gallery, Inc.
Judgment was entered on April 1, 1986, and on April 7, 1986, Warren filed a motion to amend judgment or, alternatively, for a new trial. At the conclusion of this post-trial hearing, the order of the court entered April 30, 1986, provided that a new trial would be awarded unless the Commission accepted an additur of $96,645.00 in favor of Warren.
The Commission promptly filed its rejection of additur on May 8, 1986, and has now appealed to this Court as authorized by Section 11-7-213, Mississippi Code Annotated (1972), requesting a reinstatement of the jury verdict. In addition, the Commission asks this Court to notice plain error under Mississippi Supreme Court Rule 6(b), and either reverse and remand for a new trial, or grant a remittitur, on the basis that it was error for the lower court to allow compensation for loss of access to the interstate frontage road. The Commission assigns only one error bearing discussion:
1. The trial court abused its discretion in entering an Order granting Appellee W.W. Warren a new trial on condition that Appellant, State Highway Commission of Mississippi, rejected an additur of $96,645.00 in that the jury's verdict was not against the overwhelming weight of the evidence or so inadequate as to evince bias, passion or prejudice;
Warren cross-appeals and assigns the following errors:
1. The damages awarded by the jury were inadequate and contrary to the overwhelming weight of the credible evidence and reflected bias, passion, and prejudice against W.W. Warren; and
2. The lower court erred in failing to grant an adequate additur to W.W. Warren.
Prior to the institution of this action, W.W. Warren owned a commercial site composed of approximately 1.88 acres next to the I-55 South Frontage Road, and within 150 feet of Northside Drive. The property contained roughly 450 feet of frontage on the I-55 South Frontage Road, and was divided into three separate parcels with five driveways connecting to the frontage road. The acquired.145 acre strip of land lies on the east side of Warren's property, and is triangular in shape. In addition to the five driveways providing access to the frontage road, there was an additional 115 feet of accessible frontage on Office Park Drive, a public street contiguous to the west side of the property. The acquisition resulted in the loss of all five driveways leading onto the Interstate 55 Frontage Road. Notwithstanding, access remains via Office Park Drive.
As of the date of acquisition on November 8, 1985, the Warren property was leased to three lessees. The southernmost tract, of which .117 acres was acquired, was leased to Steak and Ale of Mississippi, Inc., which operates Bennigan's Restaurant on that location. The other two parcels were leased to The Silver Mine, a pawn brokerage shop, and The Wedding Gallery, Inc., a bridal and formal wear shop. The acquired right of way necessitated the removal of the majority of a six foot roof overhang in front of The Silver Mine building, and a sidewalk underneath it. The walls of The Silver Mine building remain unaffected, and Bennigan's and The Wedding Gallery building likewise remain outside the affected area.
On March 5, 1986, pursuant to Mississippi Code Annotated, Section 11-27-7 (1972), the Commission filed its Statement of Values reflecting that, as of the date of filing of the application, the total compensation due was $285,400.00.
As is often the case, estimates at trial of the damage resulting from the condemnation varied widely. Mr. Bobby L. Cloud testified on behalf of the Commission. Mr. *706 Cloud is a real estate appraiser with over 22 years of experience, having a senior real property appraiser designation from the Society of Real Estate Appraisers. He testified that the total property had a value before the acquisition of $1,527,800.00, and a value after the acquisition of $1,242,400.00. The difference between the before and after values, $285,400.00, was Mr. Cloud's estimate of due compensation for the acquisition. In arriving at this figure, Mr. Cloud considered all three approaches to value which appraisers are authorized to use, specifically the cost approach, the market data approach, and the income approach. He adopted the cost approach.
Mr. Cloud recommended that total due compensation be apportioned among the parties as follows: Warren, $157,100.00; Steak and Ale, $121,500.00; The Silver Mine, $5,775.00; and The Wedding Gallery, $1,025.00.
The landowner, Warren, called three value witnesses. Mr. James V. Davis, Jr., testified that, in the before condition, the property's value was $1,690,000.00. Mr. Davis surmised that the after value of the property was $692,032.00, yielding rounded total due compensation of $998,000.00. Mr. Davis allocated $212,000.00 of this amount to Steak and Ale, with the balance of $786,000.00 going to Mr. Warren. In Mr. Davis' opinion, no compensation was due to The Silver Mine or to The Wedding Gallery for the reason that each lessee was paying market rent, and therefore, had no rent advantage.
Mr. Joe William Parker also testified for the landowner. His appraisal, however, related only to the raw land, exclusive of improvements. Mr. Parker estimated that the entire tract was damaged in the amount of $680,632.00. Parker did not apportion damages among the interested parties.
Finally, Mr. Warren testified that in his non-expert opinion, the before value of the property was $2,000,000.00, and that the value of the remaining land and improvements after the acquisition would be $850,000.00, the difference being damages of $1,150,000.00. As to the allocation, Mr. Warren testified that Steak and Ale would be due $300,000.00, The Silver Mine $20,000.00, and The Wedding Gallery $10,000.00, with the remainder going to himself. Mr. Warren later testified, however, that he meant the $1,150,000.00 figure to represent his entire share only. Mr. Warren based his large damage assessment on his belief that the property could not continue to be used for commercial retail purposes in its after condition.
Following entry of final judgment in the amount of $375,000.00, the parties filed various motions. One of the grounds assigned by Warren in his post-trial motion to amend judgment, or alternatively, for a new trial, was that "the verdict of the jury was against the overwhelming weight of the evidence and reflects bias, passion, and prejudice against Warren." At the post-trial hearing, Mr. Warren testified as to an offer of May 13, 1985, by the State Highway Department showing fair market value of Warren's damages to be $296,645.00. Admissibility aside for the moment, the record reflects that the fair market value offer was not in evidence at trial, and was not even sought to be introduced by Warren at trial.
At the conclusion of the post-trial hearing, the trial judge determined that the Commission had assigned due compensation to Warren in the amount of $296,645.00 on May 13, 1985, and therefore, was bound by that figure. Consequently, Warren was granted an additur of $96,645.00, to bring the jury allocation of $200,000.00 in line with the prior fair market value offer of the Commission.

I.

DID THE TRIAL COURT ABUSE ITS DISCRETION IN ORDERING A NEW TRIAL ON DAMAGES ONLY UNLESS THE HIGHWAY COMMISSION ACCEPTED AN ADDITUR OF $96,645.00 IN FAVOR OF WARREN?
The Commission rejected the additur and has appealed to this Court pursuant to Mississippi Code Annotated, Section 11-7-213 (1972). This Court has spoken *707 frequently on the scope of appellate review under Section 11-7-213. Our review is limited to determining whether the trial court abused its discretion in granting a motion for new trial where, as here, the condemnor refuses to accept an additur. City of Jackson v. Ainsworth, 462 So.2d 325, 327 (Miss. 1984). Thus, by proceeding under this provision, the Commission must be willing to accept the verdict in all other respects. Id.
In determining whether the trial court abused its discretion, we asked whether the verdict of the jury is "so paltry as to evince bias, passion or prejudice." Id. This strict review is especially compelling where, as here, the jury viewed the premises, and heard credible, albeit conflicting, testimony from several witnesses. Mississippi State Highway Commission v. Taylor, 293 So.2d 9, 10 (Miss. 1974). If the verdict of the jury is not so shocking and unreasonable as to indicate these dangers, then the granting of a new trial on condition of rejection of additur is an abuse of discretion. Hynum v. Smith, 447 So.2d 1288, 1290 (Miss. 1984).
Three expert appraisers testified at the trial. In addition, Mr. Warren himself was allowed to testify as a value witness. The expert offered by the Commission assigned damage to the condemned property in the amount of $285,400.00. He further surmised that Mr. Warren was entitled to $157,100.00 of that amount, with the remainder divided among the leaseholders.
James V. Davis, Jr., on behalf of Mr. Warren, assigned damage to the entire tract in the amount of $998,000.00. Of this amount, Mr. Davis allocated $786,000.00 to Mr. Warren. Joe William Parker testified for Warren that the entire tract was damaged in the amount of $680,632.00. However, this figure represented only the raw land value, exclusive of improvements. Also, Parker did not allocate the damage among the interested parties. Finally, Warren testified on his own behalf that the subject property suffered $1,150,000.00 in damage. He opined that his proportionate share was $820,000.00. He later stated, however, that he meant the $1,150,000.00 figure to represent his share only.
The jury returned a verdict in the amount of $375,000.00. It allocated $200,000.00 to Warren. The question we must ask is whether the jury verdict, in light of the testimony and personal view of the premises, is so grossly inadequate as to justify the additur imposed by the trial court.
It is clear that the amount to be awarded is for the jury to determine in the first instance. The judge may not agree with the amount of their award, but the jury's verdict is more than advisory. Mississippi State Highway Commission v. Antioch Baptist Church, 392 So.2d 512, 514 (Miss. 1981). Moreover, the jurors themselves viewed the premises, thus making us all the more loathed to disturb their award where there is any substantial evidence in the record to support it. Mississippi State Highway Commission v. Franklin County Timber, 488 So.2d 782, 787 (Miss. 1986). Simply, can it be said that the jury award is so unreasonable, in light of the varying evidence, "as to strike mankind at first blush as being beyond all measure." Antioch, 392 So.2d at 514. In the instant case it cannot. The verdict is founded on substantial evidence and proper instructions.
Stated another way, "before the trial judge may usurp the jury's function in setting a damage award, he must comply with the language of the statute and find either: (1) that the jury's verdict is so shocking to the conscience that it evinces bias, passion and prejudice on the part of the jury; or (2) that the verdict was contrary to the overwhelming weight of the credible evidence. Absent either of these findings, the trial court abuses its discretion ..." McIntosh v. Deas, 501 So.2d 367, 369-70 (Miss. 1987).
The trial judge below did not make the requisite findings to justify his order imposing a new trial unless a $96,645.00 additur is accepted. In fact, the trial judge based his order solely on a negotiation offer not presented as evidence before the jury. This negotiation offer was clearly *708 inadmissible evidence to establish the amount of compensation due. Mississippi State Highway Commission v. Robertson, 350 So.2d 1348, 1350 (Miss. 1977); M.R.E. 408. Under our familiar rules, the jury's verdict is beyond authority to disturb. Consequently, the trial court abused its discretion when it granted a new trial on condition of rejection of additur.
Therefore, this assignment of error is well taken, and the jury verdict of $375,000.00, of which $200,000.00 was awarded to Mr. Warren, should be reinstated.

CROSS-APPEAL

I.

THE DAMAGES AWARDED BY THE JURY WERE INADEQUATE AND CONTRARY TO THE OVERWHELMING WEIGHT OF THE CREDIBLE EVIDENCE AND REFLECTED BIAS, PASSION, AND PREJUDICE AGAINST W.W. WARREN.
Having previously concluded that the jury verdict should be reinstated, this cross-assignment obviously then has no merit.

II.

DID THE TRIAL COURT ERR IN FAILING TO GRANT AN ADEQUATE ADDITUR?
Having previously determined that the jury verdict is correct in all respects, there is no merit to this claim for additional additur.
Finally, the Commission asks this Court to notice plain error under Mississippi Supreme Court Rule 6(b) on the issue of lost access compensation. The Commission claims that the appellees were improperly compensated for their loss of access to the I-55 Frontage Road. However, this issue was not specifically assigned by the parties as error. Instead, the Commission, in its reply brief, asked this Court to invoke Mississippi Supreme Court Rule 6(b) and notice the error as plain on the record in order to prevent a miscarriage of justice. Having reinstated the jury verdict of $375,000.00, we do not perceive any miscarriage of justice which would cause us to notice this alleged error under Rule 6(b). The Commission had sufficient opportunity to argue this issue before the trial court, or to this Court prior to filing its reply brief. We choose not to address it at this stage. Because this appeal is limited to the issue of damages only, and the major issue has been decided by this opinion, a retrial is not necessary. Therefore, the original jury verdict of $375,000.00, and its respective allocations, should be, and hereby is reinstated. The judgment of the lower court is reversed and rendered on direct appeal. The cross-appeal is dismissed as moot.
REVERSED AND RENDERED ON DIRECT APPEAL; CROSS-APPEAL DISMISSED AS MOOT.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., not participating.