797 So.2d 368 (2001)
Sherry STRINGER, Appellant,
v.
Jennifer CROWSON, Appellee.
No. 1999-CA-01623-COA.
Court of Appeals of Mississippi.
June 5, 2001.
Rehearing Denied August 14, 2001.
Certiorari Denied October 25, 2001.
*369 Eugene Coursey Tullos, Mark K. Tullos, Raleigh, Attorneys for Appellant.
David M. Ott, Katherine L. Howie, Hattiesburg, Attorneys for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and LEE, JJ.
LEE, J., for the Court:
¶ 1. Sherry Stringer appeals the grant of remittitur to Jennifer R. Crowson by the Circuit Court of Smith County, which reduced the jury's verdict from $30,000 to $7,500 for injuries resulting from a traffic accident in Laurel, Mississippi. Stringer raises as the sole issue in this appeal that the trial court abused its discretion in granting the remittitur. After having reviewed the record, we find no reversible error and affirm.

FACTS
¶ 2. On December 21, 1995, as Sherry Stringer was driving her husband's vehicle, she was struck by a vehicle driven by Jennifer R. Crowson. Following the collision, Sherry Stringer was driven home by her mother. Six days after the accident Stringer sought medical treatment from her family physician, Dr. Robert E. Jennings, complaining of breast pain, neck pain and headache, all of which she claimed was a result of the injuries she sustained in the automobile collision with Crowson. She additionally told Dr. Jennings that she was very nervous, that her appetite was poor and that she was not sleeping well. Mrs. Stringer was given prescriptions for pain and nervousness over a total of five visits to Dr. Jennings from December 27, 1995 to March 8, 1996 for which she incurred $150 in medical expenses. Dr. Jennings referred Mrs. Stringer to Dr. Michael Lowery, a neurosurgeon in Hattiesburg, whom she saw on March 20 and April 23, 1996. Stringer testified that Dr. Lowery took x-rays and *370 prescribed muscle relaxers but she did not remember what he told her regarding the x-rays, and Dr. Lowery did not testify. Mrs. Stringer incurred $340.75 in medical expenses for treatment she received from Dr. Lowery. Additionally, she incurred $94.55 in costs for prescribed medications. Mrs. Stringer sought no further medical treatment nor had any prescriptions for medication filled after April 23, 1996.
¶ 3. The trial was conducted on April 27, 1999, whereupon the jury returned its verdict in favor of the plaintiff in the amount of $30,000. Thereafter, the defendant, feeling aggrieved at the jury's verdict, filed her motion for remittitur, or in the alternative for a new trial. The trial judge denied the defendant's motion for a new trial, but granted her motion for a remittitur, reducing the verdict of the jury to $7,500. The plaintiff, now herself aggrieved at the trial judge granting the remittitur, has perfected her appeal to this Court.
Applicable Law and Standard of Review
¶ 4. A trial court's authority to grant a remittitur is grounded in statute and reads as follows:
The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remittitur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remittitur.
MISS.CODE ANN. § 11-1-55 (Rev.1991). Pursuant to this section, an additur or remittitur can be awarded by the court finding that either: (1) the jury or trier of fact was influenced by bias, prejudice, or passion, or (2) the damages awarded were contrary to the overwhelming weight of credible evidence. Biloxi Elec. Co., Inc. v. Thorn, 264 So.2d 404, 405 (Miss.1972); Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 944 (Miss.1992); Leach v. Leach, 597 So.2d 1295, 1297 (Miss.1992). In addition when a trial court grants a remittitur, the plaintiff has three courses of action. The plaintiff may elect: (1) to reject the remittitur and have the case retried on the issue of damages only, (2) to appeal on grounds the circuit court should not have granted the remittitur at all, or, alternatively, the remittitur granted was legally excessive, (3) to accept the remittitur. Odom v. Roberts, 606 So.2d 114, 121 (Miss.1992). Stringer has elected to appeal to this Court arguing that the trial court abused or exceeded its discretion in granting the remittitur.
¶ 5. The standard of review for considering a remittitur on appeal is limited to determining whether the trial court abused its discretion. Ross-King-Walker, Inc. v. Henson, 672 So.2d 1188, 1193 (Miss. 1996). Our supreme court has also held that jury awards are not merely advisory and will not under the general rule be set aside unless so unreasonable as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous. Wallace v. Thornton, 672 So.2d 724, 729 (Miss.1996). Put another way, the trial judge may only usurp the jury's function in setting a damage award, when he finds, as per the statute, either: (1) that *371 the jury's verdict is so shocking to the conscience that it evinces bias, passion, and prejudice on the part of the jury; or (2) that the verdict was contrary to the overwhelming weight of the credible evidence. State Highway Comm'n of Mississippi v. W.W. Warren, 530 So.2d 704, 707 (Miss.1988). "Absent either of these findings, the trial court abuses its discretion." Id.

ISSUE AND ANALYSIS

DID THE TRIAL COURT ABUSE OR EXCEED ITS DISCRETION IN GRANTING A REMITTITUR IN THIS CAUSE BY REDUCING THE JURY'S VERDICT FROM $30,000 TO $7,500?
¶ 6. The appellant cites us to this Court's holding in Cade v. Walker, 771 So.2d 403 (Miss.Ct.App.2000), where we affirmed a jury verdict in the amount of $29,099, plus all assessed court costs based on a claim of incurred medical bills in the amount of $569, a sum equal to 51 times the medical expenses. However, Cade is distinguishable since the trial judge in that case declined to grant a remittitur. In Houston v. Page, 208 So.2d 901, 905 (Miss. 1968), the court stated that though the amount of damages is primarily a concern for the jury, section 11-1-55 of the Mississippi Code gives the trial judge, being in a superior position to determine whether the jury has responded to reason with reference to damages, the authority to see that the award is reasonably within the bounds of the evidence. Should the trial court determine that a verdict is, upon the evidence, either grossly excessive or inadequate, the court has the authority to set it aside and award a new trial. Where a new trial is granted upon the ground that a verdict is excessive, the trial court may suggest a remittitur as an alternative to the new trial. Id. The motion for an additur and its mirror motion, one for a remittitur, are variants of the motion for a new trial, going solely to the issue of damages. Odom, 606 So.2d at 119.
¶ 7. A review of the record shows that upon cross-examination, Dr. Jennings, the treating physician for Stringer, testified as follows:
Q. I believe Mr. Tullos asked you if you had an opinion about how long the pain would last for this type of injury. Do you believe that she would be having that pain to this day based on what you know about her records?
A. I wouldn't expect her to have pain.
Q. So, you wouldn't expect her to incur any future medical expenses?
A. I would not.
¶ 8. Although Stringer testified that she continued to have neck pain and headaches and suffered nervousness and loss of sleep due to the collision, she did not visit a doctor or purchase any prescription medication after April 1996. Additionally, having been a housewife prior to the accident, she obtained full-time employment after the accident, having worked for two years subsequent to the accident and prior to the trial of this matter, without having missed any work as a result of the accident.
¶ 9. Being mindful of the standard to which we are held, after reviewing the record, we cannot say that the trial court abused its discretion. The standard of review the appellate court employs is whether the trial court abused or exceeded its discretion in granting the remittitur. Maddox v. Muirhead, 738 So.2d 742, 743 (Miss.1999); Rawson v. Midsouth Rail Corp. 738 So.2d 280, 284 (Miss.Ct.App. 1999). We cannot say the trial judge in the case sub judice, having had the opportunity to observe the demeanor of the witnesses and apply his learned experience from the most central vantage point of the *372 entire trial, exceeded or abused his discretion, and accordingly affirm the remittitur.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF SMITH COUNTY GRANTING A REMITTITUR IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, MYERS AND CHANDLER, JJ., CONCUR. PAYNE, J., CONCURS WITH A SEPARATE WRITTEN OPINION JOINED BY CHANDLER, J. IRVING, J., DISSENTS WITHOUT A SEPARATE WRITTEN OPINION.
PAYNE, J., CONCURRING:
¶ 11. I write separately just to make sure that no one mistakenly thinks that we are saying that continuing pain is not an element of disability for which damages certainly may be sought, even on the testimony of the person experiencing the pain. However, the record in this case shows that the evidence was in conflict as to the cause and disabling nature of the continuation of the pain, and the jury and the judge dealt with the evidence responsibly. Damages in every case must be based upon the evidence before the court.
CHANDLER, J., JOINS THIS SEPARATE WRITTEN OPINION.