231 So.2d 507 (1970)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
Mrs. Cynthla J. WAGLEY.
No. 45583.
Supreme Court of Mississippi.
February 9, 1970.
Robert G. Nichols, Jr., Jackson, for appellant.
Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellee.
INZER, Justice:
This is an appeal by Mississippi State Highway Commission from a judgment of the Circuit Court of the First Judicial District of Hinds County awarding appellee, Mrs. Cynthia J. Wagley, $25,000 for the taking of .13 acres of her property for highway purposes.
Prior to these proceedings appellee was the owner of a tract of land in the City of Jackson located east of Terry Road, a main artery which runs in a north-south direction through the southern part of the City. It had a frontage of 125.6 feet on Terry Road and extended east for a distance of 234 feet. The property was unimproved and it was zoned as residential. On April 28, 1964, the commission filed condemnation proceedings in the County Court of Hinds County to condemn a strip on the west end of this property. The property condemned is in an irregular shape, being 125.6 feet east and west along the road and extending 46 feet east along the south boundary and 67.7 feet east along the north boundary. The commission also took the right of access to the remaining land over the north 69.8 feet along the highway, leaving access to the remaining land over 55.8 feet on the south end. A trial was had in the county court and the jury fixed appellee's damages at $5,500. The landowner appealed to the circuit court and that court reversed the judgment of the county court and ordered a new trial in circuit court as provided by law. The trial in circuit court resulted in a *508 judgment in favor of appellee for $25,000, hence this appeal.
Appellant's assignments of error are as follows:
1. The Circuit Court of the First Judicial District of Hinds County, Mississippi, erred when it reversed the ruling of the County Court wherein the latter had denied appellee's motion for a new trial;
2. The verdict of the Circuit Court jury in awarding $25,000 as damages for the taking of 0.13 acres of Appellee's lands was so excessive as to shock the enlightened conscience.
The circuit court held that the evidence clearly established that although the property taken was zoned residential it should have been zoned commercial and that the verdict of the county court jury was so low as to be nearly confiscatory. The court concluded that the county court was in error in refusing to grant the landowner a new trial. The commission contends that the circuit court was in error because it did not say that the verdict of the jury in the county court was so low as to evidence bias, passion and prejudice on the part of the jury or was so grossly inadequate as to shock the enlightened conscience of the court. However, we gather from what the court did say that the verdict of the jury was so low that it was shocking to the enlightened conscience of that court. After a careful review of the evidence we cannot say that the circuit court was in error in reversing the judgment of the county court and granting a new trial.
The evidence in regard to appellee's damages was substantially the same in the county court and circuit court. The only witness for the commission who testified as to the value of the property taken and the resulting damage was T.L. Carraway, Jr., a qualified real estate appraiser. He fixed the value of the entire tract immediately prior to the taking at $7,500 and its value after the taking at $3,375. Mr. Carraway valued the property as residential and did not consider that its highest and best use was commercial. He gave as his reason for doing so the fact that it was zoned residential and only four years before the City Commission had denied an application by appellee to rezone the property commercial, and in his opinion a zoning change could not be expected in the near future.
Mr. J.H. Wells, a qualified real estate appraiser, testified for the landowner that in his opinion the highest and best use of the land immediately before the taking was for commercial purposes. It was his opinion that the fair market value of the property immediately before the taking was $30,000 and after the taking its value would be only $5,000, or a difference of $25,000. He stated that although the property was zoned residential, its highest and best use was commercial and he thought the zoning was subject to change.
Mr. Morris Williams, a qualified real estate appraiser, testified for appellee that the value of the property prior to the taking was $31,000 and its value after the taking was $7,000 or a damage of $24,000. He valued the property as commercial because that was its highest and best use.
Mrs. Wagley testified that in her opinion prior to the taking the property was worth approximately $40,000. Two lay witnesses testified that in their opinion she had sustained damage to the extent of $35,000.
Appellee urges that the large verdict in this case is not grossly excessive but is a just and equitable one. She insists that the jury found that the property was commercial property and in doing so it followed the rule announced in Mississippi State Highway Commission v. Brooks, 239 Miss. 308, 123 So.2d 423 (1960), wherein we said:
The rule is well settled that the present value of land sought to be condemned in eminent domain proceedings is not to be estimated simply with reference *509 to the condition in which the owner has maintained it or for the use to which it is at the time applied, but with reference to any use to which it is reasonably adapted. The best or most valuable use to which the property, which is taken for the public use, is adapted should be considered. 29 C.J.S. Eminent Domain § 160, p. 1024, and cases cited. "Mere speculative uses cannot be considered. There must be some probability that the land would be used within a reasonable time for the particular use to which it is adapted. * * * There must be a present demand for the land for such purpose on a reasonable expectation of such demand in the near future." 29 C.J.S. Eminent Domain § 160, pp. 1026, 1027. See also State Highway Commission v. Brown, 176 Miss. 23, 168 So. 277. (239 Miss. at 316, 317, 123 So.2d at 427.)
The difficulty in applying the rule in this case is that the property was zoned residential at the time of the taking and, of course, could not be used for commercial purposes until it had been rezoned. There was evidence tending to establish that there was a reasonable probability that it could be rezoned commercial in the near future, but even though this is true, the property could not be valued as if the rezoning had already been accomplished. There can be no doubt that the fact that the property was zoned residential affected its fair market value at the time of the taking. We said in Paulk v. Housing Authority of City of Tupelo, 204 So.2d 153 (Miss. 1967):
Furthermore, the fair market value as between a willing purchaser and a willing seller in an open market is the standard used by this Court and others in arriving at the value of land taken by condemnation. We cannot conceive of a prospective purchaser of commercial property, in an area being transformed by urban renewal, not inquiring into the zoning restrictions on the property, the plans for streets and alleyways, the lot frontage on such streets, etc., so that he might determine its suitability for his purpose. (204 So.2d at 155.)
A good statement of the rule to be applied in cases such as this is found in Nichols on Eminent Domain, Market Value, section 12.322[1] (1962), wherein it is stated:
Where the enactment of the zoning restriction is not predicated upon the inherent evil of the proscribed use  in other words, where the forbidden use is malum prohibitum rather than malum in se  and there is a possibility or probability that the zoning restriction may in the near future be repealed or amended so as to permit the use in question, such likelihood may be considered if the prospect of such repeal or amendment is sufficiently likely as to have an appreciable influence upon present market value. It follows from the foregoing that such possible change in the zoning regulations must not be remote or speculative. An important caveat to remember in applying the rule is that the property must not be evaluated as though the rezoning were already an accomplished fact. It must be evaluated under the restrictions of the existing zoning and consideration given to the impact upon market value of the likelihood of a change in zoning. The caveat does not, of course, apply, and the evaluation may be predicated upon rezoning, as an actual and accomplished fact, where the existing zoning was arbitrarily adopted for the sole purpose of depressing land values preliminary to eminent domain proceedings. (Emphasis added)
What has happened in this case is that the appraiser for the commission valued the property as residential because it was zoned residential and did not give any consideration to the fact that the highest and best use of the property was for commercial purposes. On the other hand the witnesses for the appellee apparently valued the property as though it had already been rezoned commercial. Under these circumstances and after taking into consideration *510 all the evidence and the amount, character, location, and zoning of the land, we are of the opinion that the verdict of the jury in this case is so large that it is shocking to the enlightened conscience of this Court and we cannot allow it to stand.
For the reason stated the judgment of the circuit court is reversed and the case remanded for a new trial on the issue of damages unless within ten days from the date the judgment of this Court becomes final appellee accepts a remittitur of $10,000, thus reducing the award to $15,000. In the event such remittitur is entered the judgment of the circuit court will be affirmed as modified, otherwise, it is reversed and remanded.
Reversed and remanded unless specified remittitur is entered.
ETHRIDGE, C.J., and JONES, BRADY, and ROBERTSON, JJ., concur.