323 So.2d 748 (1975)
Troy DANIELS
v.
BOARD OF SUPERVISORS OF CLARKE COUNTY, Mississippi.
No. 48440.
Supreme Court of Mississippi.
December 22, 1975.
*749 Louie M. Bishop, Waynesboro, for appellant.
A.J. Reese, Quitman, for appellee.
Before GILLESPIE, WALKER and BROOM, JJ.
GILLESPIE, Chief Justice:
In this eminent domain case filed by the Board of Supervisors and tried in the Circuit Court of Clarke County, the jury awarded Troy Daniels, the landowner, $750. Landowner appealed.
The property condemned for highway purposes is a strip about 8 feet by 105 feet off of a lot measuring 210 feet by 105 feet, fronting 105 feet on a public road just outside the Town of Shubuta, Mississippi. Situated on the lot is a store building constructed of concrete block which fronts on the street a width of thirty-two feet. An eight-foot shed across the front of the building is being taken, leaving the front building wall within inches of the right-of-way. The building was formerly used for a store and service station, but has been used for farm storage for several years. Access to the building for storage purposes can be had at the rear only after the taking.
The proof of damages offered by the petitioner consisted of the testimony of appraiser Robert H. Donald, Jr., who valued the land actually taken at $157.50, and the replacement cost of the shed in front of the building over the land actually taken at $384, minus $126 for depreciation, or total damages of $415.50. He was of the opinion that the remainder of the property would not be damaged. He valued the lot before the taking at $3,046, including the building. He arrived at the damages by deducting the replacement cost of the shed and the value of the land taken from the total value of the lot and improvements. Landowner offered an appraiser's testimony based on the before and after rule, that the land and improvements were worth $11,360 before the taking and $3,500 after the taking, with a resulting damage of $7,860. The jury returned an award of $750.
The landowner contends that the petitioner's proof was insufficient to meet its burden of proving damages. We agree.
The petitioner's only appraiser made his appraisal not on the difference between the fair market value of the whole property before the taking and the fair market value of the property remaining after the taking. In determining the value of the property before the taking, he limited the value of the building to its present use of storing farm products. The property must not be valued "[S]imply with reference to the condition in which the owner has maintained it or for the use to which it is at the time applied, but with reference to any use to which it is reasonably adapted." Miss. Highway Commission v. Wagley, 231 So.2d 507 (Miss. 1970). Petitioner attempted to follow the before and after rule by first appraising the whole property before the taking, then arriving at the damages, and deducting the damages from the before-value to arrive at the after-taking value. This is not a proper method of appraisal under the before and after rule. Moreover, in arriving at damages to the building, the appraiser used the replacement cost of the shed, which does not necessarily reflect the damages to the building. In addition, the removal of the shed across the front of the building and extending the right-of-way within inches of the front of the building damaged the remaining property as a matter of law. This is not a proper case for the exception to the before and after rule. Sanderson Farms, Inc. v. State Highway Commission, 324 So.2d 243 (Miss., decided October 27, 1975).
For the reasons stated, the Court holds that the petitioner failed to meet the burden of proving due compensation for the land taken and damages resulting to the remaining land.
*750 We are of the opinion that this is a proper case for the suggestion of an additur in an effort to avoid a retrial. Therefore, if petitioner consents to an additur of $1,250 within fifteen days after this judgment becomes final, judgment in favor of the landowner will be entered here for $2,000; otherwise the case will be reversed and remanded for a new trial.
Affirmed on condition of additur.
RODGERS, P.J., and PATTERSON, INZER, SMITH, ROBERTSON and SUGG, JJ., concur.