324 So.2d 243 (1975)
SANDERSON FARMS, INC.
v.
STATE HIGHWAY COMMISSION.
No. 48372.
Supreme Court of Mississippi.
October 27, 1975.
As Modified on Denial of Rehearing January 13, 1976.
Holifield & Harper, Laurel, for appellant.
Teller, Biedenharn & Rogers, Vicksburg, Carroll Kemp, Hazlehurst, for appellee.
Before RODGERS, SUGG and BROOM, JJ.
SUGG, Justice.
Sanderson Farms, Inc. was awarded $10,000 in a special court of eminent domain *244 in Copiah County for 2.53 acres condemned by the Mississippi State Highway Commission in the relocation of Mississippi Highway No. 28. Sanderson assigns as error the failure of the Highway Commission to prove the value of the land under the "before and after rule."
The before and after rule has long been the formula by which damages are ascertained when part of a tract of land is taken for public use. In Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565 (1940) it was expressed as follows:
When part of a larger tract of land is taken for public use, the owner should be awarded the difference between the fair market value of the whole tract immediately before the taking, and the fair market value of that remaining immediately after the taking, without considering general benefits or injuries resulting from the use to which the land taken is to be put, that are shared by the general public. (189 Miss. at 866, 198 So. at 569).
Hillman also held that the condemnor carries the burden of proving due compensation for land taken before the landowner is called on to introduce evidence.
The land condemned by the Highway Commission was zoned industrial and was part of a 61.53 acre tract owned by Sanderson and used in the operation of its poultry processing plant with related facilities situated thereon. Sanderson's main processing plant was located about five hundred feet north of the old Georgetown-Hazlehurst Road and will be approximately three hundred feet north of the right-of-way after relocation of Highway No. 28. Included in the part taken by the Highway Commission is fifteen thousand square feet of Sanderson's parking lot. The taking will necessitate relocation of the parking lot between the main plant and the highway right-of-way. Taking a portion of the parking lot affects the use and value of the remaining property, requiring an appraisal to be made in accordance with the before and after rule.
The Highway Commission introduced only one witness on the question of value and did not prove damages to Sanderson's property under the before and after rule. The witness for the Highway Commission testified that the value of the land taken was $5,060 and the value of the fifteen thousand square feet of the parking lot taken was $2,250, making a total of $7,310. The witness said that the balance of the property would not be affected by the taking, but this statement in and of itself does not bring this case within the exception to the before and after rule recognized in Hillman and applied in Green Acres Memorial Park, Inc. v. Mississippi State Highway Commission, 246 Miss. 855, 153 So.2d 286 (1963) and Morris v. Highway Commission, 240 Miss. 783, 129 So.2d 367 (1961).
It is apparent that the Highway Commission is anxious to avoid having to appraise a whole tract of land when it seeks to take only a part thereof. Certainly this would be less expensive and less time consuming; however, an appraisal of only the part taken, where less than the whole is involved, ignores the fact that severance of a part of a tract may affect the value of the remainder. Size, use, location, topography and like factors determine the value of land. Part of the Hillman rationale is that the true effect of taking less than the whole of a tract of land can be determined only with the benefit of an appraisal of the whole, before and after a taking.
We do not overrule Green Acres and Morris but hold that the value of property condemned must be proved in accordance with the before and after rule except in rare cases falling within the exception set forth in Green Acres and Morris.
We therefore reverse and remand for a new trial. On remand, the fair market value of the property must be shown by *245 the Highway Commission in accordance with the before and after rule.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, ROBERTSON and WALKER, JJ., concur.