349 So.2d 545 (1977)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
Addie O. HURST et al.
No. 49599.
Supreme Court of Mississippi.
September 7, 1977.
Whittington, Brock & Swayze, H.D. Brock, Greenwood, for appellant.
No brief filed for appellees.
Before SMITH, BROOM and LEE, JJ.
LEE, Justice, for the Court:
A Special Court of Eminent Domain of Leflore County entered judgment in favor of Addie O. Hurst, et al., in the sum of two thousand dollars ($2,000.00) as just compensation for taking certain lands by the Mississippi State Highway Commission, and the Commission appeals. It is contended that the trial court erred (1) in admitting testimony relating to damages resulting from a proposed median strip, and (2) in not excluding testimony of appellees' appraiser on elements of damage.
*546 Appellees declined to file a brief in response to that of the Commission, and, under Westinghouse Credit Corporation v. Deposit Guaranty National Bank, 304 So.2d 636 (Miss. 1974), and Burt v. Duckworth, 206 So.2d 850 (Miss. 1958), their failure so to do is tantamount to a confession of error, if appellant's brief makes out an apparent case of error. We do not apply that principle here and have examined the record in order to make a final disposition of the case.
The Hurst property, consisting of 2.01 acres, is located on U.S. Highway 82 east of the city limits of Greenwood, and the acreage condemned is .08 of an acre. The purpose of the acquisition (30-foot strip across the front of the Hurst property) was to provide drainage from the highway. An additional lane was to be constructed on each side of the two-lane highway in order to convert it into a four-lane highway. The original right-of-way would contain the additional paved area. The Hurst home was approximately one hundred fifty (150) feet from the edge of the pavement before new construction. Appellant proposed to construct a median dividing the four lanes and, although appellees had access to the westbound lane, they would be required to travel approximately six hundred twenty-four (624) feet to cross over into the eastbound lane. Proof for the Commission indicated a damage of five hundred fifty dollars ($550.00) with no severance damages, and proof for appellees indicated damages of twenty-nine hundred fifty dollars ($2,950.00) of which amount eight hundred dollars ($800.00) was compensation for the actual take with twenty-one hundred fifty dollars ($2,150.00) severance damage.
The trial court permitted appellees to introduce, over objection, testimony of damages sustained by reason of the construction of the median and damages for inconvenience resulting from increased noise, pollution, and dust. Such damages, if any, were general to the neighborhood and public, were not specific damages to appellees, and testimony thereasto should have been excluded. Daniels v. Board of Supervisors of Clarke County, 323 So.2d 748 (Miss. 1975); Muse v. Mississippi State Highway Commission, 233 Miss. 694, 103 So.2d 839 (1958).
With the above-mentioned evidence being excluded, the only credible evidence remaining for appellees was the value of the.08 acre of land at $800.00. The statement of values filed by the Commission showed the fair market value of the property condemned to be $550.00 with no damages to the remainder, and the statement of appellees showed the fair market value of the property to be condemned at $800.00 with a severance damage of $2,150.00. Under Mississippi Code Annotated § 11-27-7 (1972), statements of value are considered as pleadings in an eminent domain case. We are of the opinion that the statements of value and the proof justify an award of eight hundred dollars ($800.00), and the judgment of the trial court is reversed and judgment is entered here in favor of appellees in the sum of $800.00.
REVERSED AND RENDERED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.