390 So.2d 284 (1980)
Oline F. LEFLORE et al.
v.
MISSISSIPPI STATE HIGHWAY COMMISSION.
No. 52121.
Supreme Court of Mississippi.
November 12, 1980.
Rehearing Denied December 3, 1980.
*285 Charles J. Swayze, Jr., Whittington, Brock, Swayze, Dale & Calhoun, Greenwood, for appellants.
John M. Sumner, Sumner & Sumner, Winona, for appellee.
Before PATTERSON, C.J., and BROOM and LEE, JJ.
PATTERSON, Chief Justice, for the Court:
In the Carroll County Special Court of Eminent Domain, the State Highway Commission condemned 20.16 acres of land owned by Oline F. Leflore, Carolyn Leflore Noel, and John L. Leflore, Jr. The jury found $37,850 as just compensation for the taking resulting from the four-lane development of U.S. Highway No. 82. The landowners appeal, contending (1) the trial court erred in not admitting evidence of a comparable sale of property which occurred approximately three months after the date of taking; (2) the jury verdict did not include severance damages; and (3) the verdict was against the overwhelming weight of the evidence evincing passion and prejudice.
The Mississippi State Highway Commission filed a petition for condemnation proceedings on May 29, 1978, for the purpose of four-laning U.S. Highway No. 82 and 20.16 acres of the Leflores' land. The land taken was flat delta land devoted primarily to agriculture and located in Sections 14 and 15, north of Highway No. 82, in Township 19 North, Range 2 East, Carroll County, Mississippi. Both parties filed statements of value summarized as follows:

 Fair Market Total
 Value Damages Compensation
Highway
Commission $35,465.00 $2,385.00 $37,850.00
 (Elements of damages included severance damages
 for fencing and temporary easement.)
 Highest and Best Uses - pre-commercial and
 agricultural.
Leflore $93,100.00 $32,070.00 $125,170.00
 (Elements of damages included severance damages
 for access, fencing and temporary easements.)
 Highest and Best Uses - commercial,
 residential, agricultural, and timberland.

Leflore's witnesses at trial included a real estate appraiser, a local farmer, and a former appraiser for the highway department. Two of the witnesses testified as to the value of the property before and after taking, using comparable sales of similar property in the area upon which to base their opinion. The third witness testified to similar comparable sales but was not allowed to testify to the sale of 1.2 acres for $8500 in September 1978 because the sale was subsequent to the seizure date and was thus irrelevant. The Leflores objected to the suppression of this September sale which forms part of the basis for this appeal.
The highway commission's witnesses at trial consisted of a project engineer and a real estate appraiser, both employed by the Mississippi State Highway Commission. The jury was also afforded a view of the property with the entire court in attendance.
Appraisal testimony for both parties on the issue of value and damages can best be illustrated by the following chart:

FOR BEFORE AFTER
APPELLANT TAKING TAKING DAMAGE
Lester Howell $477.000.00 $393,670.00 $83,330.00
 (including severance
 damages to 14 acres)
Sidney Branch $508,800.00 $430,180.00 $78,620.00
 (including severance
 damages to 21.38
 acres)
FOR
APPELLEE
Gary Williams $591,100.00 $553,250.00 $37,850.00
 (no severance
 damages included)

Turning to the first assignment of error that the trial court erroneously disallowed certain testimony relating to a sale of *286 1.2 acres for $8500 approximately three months after the date of taking on May 29, 1978, it is our opinion that this argument lacks merit even though our holding in Mississippi State Highway Comm'n. v. Stout, 242 Miss. 208, 134 So.2d 467 (1961), indicates otherwise. Appellants rely primarily on Stout for the proposition that even a comparable sale after date of taking is admissible if not too remote in time. Their reliance on Stout is misplaced for the general rule is "that damages are to be assessed and compensation determined as of the time of taking. General benefits and injuries resulting from the use to which the land is to be put that are shared by the general public should not be considered in awarding damages in eminent domain cases," Stout, supra, at 470. To permit evidence of sales after the taking would be error, in our opinion, because these sales would reflect the enhanced value of the land caused by the advent of the four-lane highway in the area. Thus, the jury would be considering benefits or injuries resulting to the general public which is not an element of damage to which the private landowner is entitled. Justice Gillespie acknowledged this in the Stout opinion but allowed the evidence of the subsequent sale for two reasons: (1) the jury was properly instructed on the general rule as previously quoted; and (2) the Mississippi State Highway Commission could have proved the land value was enhanced so as to diminish the probative value of the evidence concerning the sale. We now think to hold such evidence admissible, even with a cautionary jury instruction or proof of enhancement value, is only to emasculate and confuse the general rule that damages are determined as of the time of taking and leads to a contradiction of the usual jury instruction concerning the before and after values for the assessment of damages. Mississippi State Highway Commission v. Stout, 242 Miss. 208, 134 So.2d 467 (1961), is therefore overruled insofar as it permits evidence concerning sales occurring subsequent to the date of the taking in eminent domain cases.
Appellants also urge reversal because the jury verdict reflected the State Highway Commission's valuation which did not include severance damages to the remainder of the condemned property. At trial, Lester Howell, witness for appellants, testified that severance damages resulted to a 14-acre tract adjacent to the new highway because of a lack of access from both lanes of traffic. Another witness for appellants, Sidney Branch, testified to severance damage to 21.38 acres adjacent to the new westbound highway lane with elements of damages including a lack of access for development of the adjacent property for commercial purposes caused by the elevation of the highway which at one point is forty feet above ground level. Ralph Ellison, witness for appellee, stated no access problems would exist; and Gary Williams, appraiser for the highway commission, testified he found no severance damage to the property. Thus the jury was allowed to consider all the evidence concerning possible severance damages. Also, a jury instruction was given which properly stated the law as to severance damages and properly informed the jury that they could consider this as part of the just compensation. It was the prerogative and province of the jury, after viewing the property and hearing the testimony for both sides, to return a verdict excluding severance damages. Thus, it is our opinion no reversible error exists on this point.
In conclusion, appellants argue the jury verdict was against the overwhelming weight of the evidence and showed passion and prejudice on the jury's part. This is without merit, in our opinion, for this Court stated in Great Atlantic & Pacific Tea Co. v. Davis, 177 Miss. 563, 567-568, 171 So. 550, 551 (1937), as follows:
There is substantial testimony in support of a verdict, delivered by sworn witnesses, leaving aside the view of the premises by the jury, and in such case, as was held in Kress & Company v. Sharp, 156 Miss. 693, 702, 126 So. 650, 68 A.L.R. 167, the view by the jury when taken together with the substantial testimony delivered by sworn witnesses will, as a *287 general rule, preclude a review of the verdict as being contrary to the overwhelming weight of the evidence.
See Mississippi State Highway Comm'n. v. Ferguson, 190 So.2d 455 (Miss. 1966).
Based on the jury view of the property and the substantial testimony for both parties, we conclude the jury verdict was not against the overwhelming weight of the evidence nor did it evince passion and prejudice.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.