392 So.2d 512 (1981)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
ANTIOCH BAPTIST CHURCH, INC.
No. 52280.
Supreme Court of Mississippi.
January 7, 1981.
*513 Beverley B. Mitchell and Donald J. Steighner, Steighner & Colom, Columbus, for appellant.
Dudley H. Carter, Carter & Davidson, Columbus, for appellee.
Before PATTERSON, C.J., and WALKER and BROOM, JJ.
BROOM, Justice, for the Court:
Eminent domain with an additur is the gist of this case appealed from a special court of Lowndes County. The Mississippi State Highway Commission, under Mississippi Code Annotated § 11-27-83 (Supp. 1980), the "quick-take" statute, condemned .18 of an acre of sixteenth section land which Antioch Baptist Church, Inc. held as lessee.[1] A $10,000 additur was ordered by the lower court causing its judgment to be $17,500 rather than $7,500 as awarded by the jury which viewed the property. Sole issue is whether the additur will be allowed to stand. We reverse.
Antioch Baptist Church's four-acre tract of sixteenth section land is situated four miles North of Columbus. The condemned .18 acre strip is part of the Northeast portion of Antioch's property upon which three driveways appear to be located: two of which are gravel, and one is paved. Project Engineer Hannon testified about loss of access and stated that Antioch would lose "about 140 feet parallel to the present 45 and about 35 feet on Jess Lyons Road." According to Hannon, Antioch would still have approximately 268 feet of unlimited access on Highway 45 after the acquisition and about 285 feet of unlimited access on Jess Lyons Road (apparently also known as Baldwin Chapel Road).
Land appraiser Dilmore testified for the commission and opined that the highest and best use of the property was for church purposes. He gave the property a before value of $456,575 and an after value of $450,425. He valued the acquired land at $2,175 to which he added the value of the paved driveway taken at $3,150. Dilmore valued the taken part of two gravel drives at $200 and allowed $500 for the enlargement of the parking area, if there should be any parking in that area, making a total of $6,150. He stated that he used comparable land sales in his evaluations.
Antioch also presented the testimony of a Columbus realtor, Mr. Bill McBryde, who gave the before value of the taken property as $668,005 and an after value of $625,920, making $42,085 just compensation to Antioch. Of the $42,085 figure, he attributed $3,240 to the value of the property actually being acquired and the balance of $38,845 to *514 severance damages. McBryde testified that he took into consideration the fact that the commission was moving its present right of way which is 63 feet from the old church sanctuary building to within 58 inches of the front door of the building. His further testimony was that if the Highway Department moves its right of way from 65 feet to within 29 feet of the church offices, the church will have to build a new access into these buildings either by coming off Jess Lyons Road around to the East or going to the North of the property and coming in with a new access road in the wooded area. McBryde further testified that the taking will deny the access to approximately 250 feet of Highway 45 frontage which the church previously enjoyed. According to him the church will lose approximately 50 parking spaces. His opinion is that the right of way is being moved so close to these buildings that people can no longer get in and out of the buildings and have vehicle access to the front. As far as the buildings are concerned, he testified that both the fellowship hall and the church office building will be damaged approximately $5.00 per square foot. He stated that their value will be diminished because of the closeness of the access and the loss of access.
Mr. Alton Lewis, Chairman of the Antioch Deacons, then testified, and, in the main, his testimony was a review of Antioch's buildings as to size and utilization. He admitted on cross examination that Antioch could build another road onto Highway 45 if money were available.

DID THE TRIAL COURT ERR IN SUSTAINING ANTIOCH'S MOTION FOR A NEW TRIAL UNLESS THE COMMISSION ACCEPTED A $10,000 ADDITUR?
The general rule is that trial judges are vested with considerable discretion in the granting of new trials and in dealing with motions for additurs or remittiturs granted pursuant to Mississippi Code Annotated § 11-1-55 (Supp. 1980). However, this Court has the responsibility to see that such judicial discretion in trial judges is exercised soundly, or we will reverse. Jury verdicts are not to be set aside except where the amount reflects bias, passion or prejudice. Awards fixed by jury determination are not merely advisory and will not under the general rule be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable and outrageous. Toyota Motor Co., Ltd. v. Sanford, 375 So.2d 1036 (Miss. 1979); Womble v. Miss. State Hwy. Comm., 239 Miss. 372, 123 So.2d 235 (1960).
Upon the record as made, we think the order for the additur in the sum of $10,000 is excessive in raising the jury's award of $7,500 to $17,500 (almost triple the jury's award). Antioch will not, on account of the taking, lose any building or permanent structure because the evidence shows none taken. The land taken will be used as a sight flare: the purpose of which is to prevent anyone from placing anything on it "that would affect sight" of motorists using the highway at the location in question. Situated upon the taken parcel are nothing more than a drive and grass  and, as we understand the record, the commission does not propose to pave the land taken or place any structure upon it.
Another important aspect of this case, insofar as the additur is concerned, is the fact that Antioch owns no more than a leasehold upon the taken property  its lease appears to have no more than 20 years remaining before expiration. Witness McBryde testified that Antioch's remaining property would be worth $53,000 less after the .18 acre was taken. Significant is the fact that he appraised the taken land as commercial property although he admitted that he knew of no likelihood that the property would be used as commercial. The fact that no buildings or structures of Antioch's are situated upon the taken land distinguishes this case on the facts from the cases relied upon by Antioch. Daniels v. Board of Supervisors of Clarke County, 323 So.2d 748 (Miss. 1975). Daniels and other cases relied upon by Antioch are not cases in which the condemnee held a mere leasehold *515 interest which would expire in 20 years as is the present case. The trial judge stated into the record his views related to Antioch's motion for an additur. However, there is no indication in his statement as to how he dealt with the fact that the land taken was property in which Antioch only held a remaining 20 year leasehold interest.
The general rule is that this Court looks with favor upon the action of the trial court in granting an additur or remittitur pursuant to Mississippi Code Annotated § 11-1-55 (Supp. 1980). In Screws v. Parker, 365 So.2d 633 (Miss. 1978), we held that we will review the action of the trial court so as to determine whether the trial court abused its discretion by granting a new trial on damages only. In Toyota Motor Co., Ltd. v. Sanford, supra, 375 So.2d at 1038-39, we reversed a judgment granting an additur because
we cannot say that the jury, in returning a verdict for the plaintiff in the amount of $40,000 was motivated by passion or prejudice in favor of Toyota, a Japanese Corporation, or against the local plaintiff. It is not so grossly inadequate as to shock the conscience nor is it so grossly inadequate as to reflect a manifest miscarriage of justice.
In Standard Products, Inc. v. Patterson, 317 So.2d 376, 379 (Miss. 1975), in an opinion authored by Justice Rodgers, we reversed the judgment of the trial court in granting an additur to the jury verdict and set aside the additur ordered by the trial judge. In so doing we held that "the jury verdict was correct" and stated that this Court "will not hesitate to set aside the order improvidently granted and to reinstate the verdict of the jury." See Biloxi Electric Co. v. Thorn, 264 So.2d 404 (Miss. 1972). We think it is fair to say here, although we do so with deference, that the lower court improvidently granted the additur.
We think the jury's verdict in this case was not against the overwhelming weight of the evidence, and therefore the trial judge in his judicial discretion should not have granted an additur as ordered. He was manifestly in error in ordering the additur upon this record since no building or permanent structure of Antioch's was situated upon the land taken. Antioch only held a 20-year leasehold interest in the land which was viewed and inspected by the jury. Therefore with reluctance we think the case must be reversed, the jury verdict reinstated, and judgment entered here for Antioch in the sum of $7,500 as ordered by the jury.
REVERSED AND JURY VERDICT REINSTATED.
PATTERSON, C.J., SMITH and ROBERTSON P. JJ., and SUGG, WALKER, LEE and BOWLING, JJ., concur.
NOTES
[1] The application for the taking states that the commission already "holds title" to the property subject to Antioch's lease; testimony indicates that Antioch's lease has about 20 years to run before expiration.