573 So.2d 754 (1990)
Don W. HOWELL and Jimmy D. Howell
v.
STATE HIGHWAY COMMISSION OF MISSISSIPPI.
No. 89-CC-0772.
Supreme Court of Mississippi.
December 19, 1990.
Rehearing Denied February 6, 1991.
*755 Dexter C. Nettles, Jr., Smith Smith & Nettles, Carthage, for appellants.
A.R. Wright, Jr., Wright & Phillips, Carthage, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This cause comes on appeal from the Special Court of Eminent Domain, Leake County, Mississippi, Edward A. Williamson presiding. On September 24, 1985, the State Highway Commission of Mississippi (Highway Commission) filed an application seeking to condemn a portion of a lot owned by Don W. Howell and Jimmy D. Howell (the Howells) in order to widen Highway 16 in Carthage, Mississippi. The property was taken pursuant to the "Quick Take" eminent domain statutes. See Miss. Code Ann. §§ 11-27-81, et seq. (Supp. 1990). A jury trial was held to determine the compensation due to the Howells from the Highway Commission for the condemned property. At the conclusin of the evidence the jury found that the Howells were entitled to compensation from the Highway Commission in the amount of Ten Thousand Dollars ($10,000.00). Upon payment of said award plus legal interest from the date of filing, the trial court awarded ownership of the property to the State Highway Commission of Mississippi.
At the trial, the Howells moved to dismiss the action alleging that the Highway Commission failed to establish a prima facie case as to the value of the condemned property. The trial court overruled the motion. The Howells appeal the trial judge's decision to this Court.
The property at issue is a corner lot which lies on the south side of Highway 16 and consists of 0.42 acres. The Highway Commission condemned approximately a 35 foot wide strip of land along the northern boundary of the Howells' land. This strip of land consisted of 0.09 acres (3920 square feet). The Highway Commission also took a temporary easement in the northeast corner of the property consisting of 0.01 acres *756 (435 square feet). Prior to the take there existed 116 feet of accessible road frontage to Highway 16 and 190 feet of road frontage to Dorrill Street. After the take there remained 109.3 feet of road frontage to Highway 16 and 154 feet to Dorrill Street.
At the time of the take Jimmy Howell resided in a structure which sits on the lot, but which was not part of the take. At some time after the take the Howells converted the residence to an insurance agency.
The zoning ordinances of Carthage require a 35 foot setback line from a highway right-of-way. The significance of this ordinance is that no structures may be built within 35 feet of the highway. Prior to the take there was approximately 39 feet between the building and the highway, 35 feet of which was parking in front of the residence on the property. After the take there remained only four feet in the front of the building and approximately five or six feet in the rear. The Howells contend that after the take, they no longer had use of their previous parking area and they could no longer alter or reconstruct the building due to the setback line. One witness for the Highway Commission believed the setback line would not affect use of the property as a parking lot.
John Allen, the Highway Commission's appraiser, testified to the value of the condemned property before and after the take. Although Jimmy Howell was residing in the structure on the lot, the Highway Commission appraised the lot as commercial property based on the appraiser's opinion that the highest and best use of the lot was commercial, not residential. See, Miss. State Hwy. Comm'n v. Wagley, 231 So.2d 507, 509 (Miss. 1970). After reviewing eight comparable sales of commercial lots, the appraiser valued the lot before the take at $22,870.00 or $1.25 per square foot, and after the take at $17,570.00 or $0.96 per square foot. The total compensation due the Howells according to the Highway Commission was $5,300.00.
The Howells objected to the use of the Highway Commission's comparable sales alleging that they were not comparable because all were vacant lots with no buildings on them. The court overruled the objection. When the Highway Commission rested, the Howells then moved to dismiss the action because the Highway Commission failed to establish a prima facie case of the value of the property. This motion also was overruled.
The Howells, then, put on their proof of the value of the property. Their witness was an appraiser who valued the lot and residence before the take at $59,355.00. This appraiser valued the lot relying, as did the Highway Commission, on comparable sales of commercial property. However, his valuation greatly exceeded the other appraiser's value. He found the lot absent the structure to be worth $43,520.00. The appraiser, then, valued the residence on the lot at $15,835.00.
After the take the appraiser valued the land at $33,958.32 plus a $200.00 easement. The appraiser arrived at this result by taking the entire value of the property ($59,355.00) and subtracting the appraiser's value after the take of the right-of-way ($9,361.68), the residence ($0), and the easement ($200.00). The total loss was found to be $25,396.68, and the total compensation due the Howells according to their witness was $34,138.32.
The Highway Commission moved to exclude the Howells' appraiser's testimony because that appraiser failed to properly apply the before and after rule. The court overruled the motion. At the conclusion of the evidence the jury found that the Howells were entitled to compensation from the Highway Commission in the amount of Ten Thousand Dollars ($10,000.00).
On appeal the Howells contend that the Highway Commission did not meet its burden of proof because its appraiser who valued the property relied on comparable sales which in fact were not comparable. However, we note that the Howells forwent their opportunity to cross-examine and discredit the comparable sales relied on by the Highway Commission's appraiser. The shrewdness of this tactical decision depends on whether there was in fact damage to the remainder property.
*757 We previously have placed the burden on the Highway Commission to prove the value of condemned property and we have required dismissal of the proceedings when the Highway Commission has failed to properly establish this value. Ellis v. Miss. State Hwy. Comm'n, 487 So.2d 1339, 1342 (Miss. 1986). In this case the Highway Commission properly relied on the use of comparable sales as a means to value the property. See Rebelwood, Ltd. v. Hinds County, 544 So.2d 1356, 1360-61 (Miss. 1989); Miss. State Hwy. Comm'n v. Franklin County Timber Co., Inc., 488 So.2d 782, 785 (Miss. 1986). In using this method of valuation we do not require the comparable sales to be identical in every respect. Franklin County Timber Co., 488 So.2d at 785. The trial judge has wide discretion in allowing testimony of comparable sales, and we encourage the judge to allow liberal cross-examination to permit testing of the true utility of the comparable sales. Franklin County Timber Co., Inc., 488 So.2d at 785. However, if the evidence shows that the comparables are entirely different from the property taken, then the valuation should be discredited. Id.
To determine whether the comparable sales relied on by the Highway Commission in its valuation of the property in fact were comparable, this Court must determine whether the valuation was in accordance with the before and after rule. The Howells are due compensation equal to the difference between the fair market value of the whole tract immediately prior to the taking and the fair market value of the remaining tract immediately after the taking. State Highway Comm'n of Miss. v. Havard, 508 So.2d 1099, 1101 (Miss. 1987); Miss. State Hwy. Comm'n v. Franklin County Timber Co., Inc., 488 So.2d 782, 785 (Miss. 1986); Daniels v. Bd. of Supervisors of Clarke County, 323 So.2d 748, 749 (Miss. 1975). Damage to the remainder must also be considered as part of this compensation. Miss. State Hwy. Comm'n v. Franklin County Timber Co., Inc., 488 So.2d 782, 785 (Miss. 1986); Trustees of Wade Baptist v. Miss. State Hwy. Comm'n, 469 So.2d 1241, 1244 (Miss. 1985).
The just compensation in cases involving a partial taking is generally the value of the part taken plus all the damages which the residue of the property suffers, including a dimunition in the value of the remainder... . Anything less than the foregoing would encroach upon the constitutional guarantee of just compensation.
Miss. State Hwy. Comm'n v. Franklin County Timber Co., Inc., 488 So.2d 782, 785 (Miss. 1986), [quoting Miss. State Hwy. Comm'n v. Colonial Inn, Inc., 246 Miss. 422, 432, 149 So.2d 851, 856 (1963)].
In Leflore v. Miss. State Hwy. Comm'n, 390 So.2d 284 (Miss. 1980), the Highway Commission's valuation did not include severance damages to the remainder of the condemned property because the Highway Commission's appraiser found no severance damage to the property. Id. at 286. This Court found no reversible error because the Leflores put on evidence of the existence of severance damage, the jury was allowed to consider all the evidence concerning possible severance damages, and the jury was instructed on the law of severance damages and was instructed that such damages could be awarded as compensation. Id. We found that because the jury viewed the property, heard testimony for both sides, and was properly instructed, the jury could return a verdict which excluded severance damages. Id. Following Leflore, if the jury could have found no damage to the remainder, then the jury verdict was proper as they heard all of the evidence, viewed the property and were properly instructed how to determine damages. However, if there was damage and the jury could not find there was no damage to property, then Leflore is not applicable.
We previously have recognized that loss of frontage that "moves" buildings and facilities closer to a roadway may adversely affect the value of the property, City of Gulfport v. Anderson, 554 So.2d 873, 875 (Miss. 1989). This alone, however, is insufficient to make Leflore inapplicable because loss of frontage does not always adversely affect the value of property.
*758 Our analysis in Sanderson Farms, Inc. v. State Hwy. Comm'n, 324 So.2d 243 (Miss. 1976), also is instructive in the instant case. In Sanderson Farms, the Highway Commission took a portion of a parking lot in its take. Id. at 244. Although a witness for the Highway Commission testified that the value to the remainder of the property would not be affected by the take, this Court found that the taking would necessitate relocation of the parking lot between the main plant and the highway right-of-way. Id. We found that the Highway Commission could not establish fair market value by merely having a witness state that the property was not affected by the take because the taking of a portion of a parking lot does affect the use and value of the remaining property. Id. Therefore, we remanded for a new trial so the Highway Commission could properly establish the fair market value of the property. Id. at 244-45.
As in Sanderson and Leflore, in the instant case the Highway Commission's appraiser testified that there was no damage to the remaining property after the take. The trial court found that "[t]he remaining, property, by inference, included the building, and therefore, the jury will take what they want to from that... ."
We find that the evidence unquestionably shows that a portion of the Howells' parking area was taken and that the Howells lost frontage which moved their structure closer to the roadway, which would affect future building onto the existing structure and could potentially affect future reconstruction to the building. Because the Highway Commission's take undeniably affects the value of the remaining property, the Highway Commission should not have been allowed to have its witness base his appraisal of fair market value of the property on the value of noncomparable empty lots.
To establish a prima facie case of fair market value the Highway Commission was required to base its valuation on comparable sales which in this case must contain a building on the property and which must take into account the partial loss of the parking lot. Because the Highway Commission was remiss in its duty to establish fair market value of the property, the before and after valuations were therefore invalid. Both the objection to the appraiser's testimony of the before and after value of the property and the motion to dismiss should have been granted.
The request by the Howells that we reverse and render, however, cannot be granted. The valuation by the Howells' appraiser is merely an opinion which the jury is not required to accept or follow. Crocker v. Miss. State Hwy. Comm'n, 534 So.2d 549, 554 (Miss. 1988). Because the jury is the trier of fact, we have no basis on which to determine due compensation. A new trial is the only manner in which a jury may determine a fair award. Therefore, this case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.