## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 94-CT-00901-SCT

*JACK GRAY TRANSPORT, INC. AND ROBERT G. McCOMAS, JOINTLY AND SEVERALLY*

*v.*

*LOIS TAYLOR AND JOE TAYLOR*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/94 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | TOM P. CALHOUN |
| ATTORNEY FOR APPELLEES: | W. HOWARD GUNN |
| | RALPH E. POGUE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED - 6/25/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/1/98 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Lois Taylor and Joe Taylor filed their personal injury action in 1990 against Jack Gray Transport and Robert G. McComas, after a truck driven by McComas ran into the back of a car in which Lois Taylor was a passenger. After a jury trial in March and April of 1994 solely on damages, the jury returned a verdict of $67,000 in favor of Lois Taylor, with no award returned for Joe Taylor. The trial court reduced the judgment by $10,000 based on a previous settlement with a co-defendant. The trial court subsequently granted the Taylors an additur of $140,000. Jack Gray Transport and McComas appealed. The appeal was assigned to the Court of Appeals, which reversed the additur and reinstated the original jury verdict by a vote of 7-3. We granted the petition for writ of certiorari filed by Lois and Jack Taylor, and after consideration find that the judgment of the circuit court, including the additur, should be reinstated.

**I.**

¶2. On December 8, 1987, Lois Taylor, a passenger in the front seat of Hattie Henderson's car, was injured when Robert McComas, a driver with Jack Gray Transport, hit the car from behind. Taylor and her husband Joe filed suit in September 1990 in Clay County Circuit Court. The case was eventually transferred to Monroe County when the claim against Henderson was settled for $10,000. In April 1994 the matter was tried solely on the issue of damages. After trial the jury returned a verdict of $67,000 for Lois Taylor and nothing for Joe Taylor on his loss of consortium claim. The circuit court reduced the award by the $10,000 which had previously been paid in settlement. The circuit court then granted an additur of $140,000. Jack Gray Transport appealed and the Taylors cross-appealed.

¶3. The Court of Appeals recited the accepted case law on the subject and found that the jury had acted within its authority in accepting or rejecting medical and expert testimony. It found that there was "no rational basis to conclude that this resolution of conflicting evidence was the result of anything other than proper jury deliberation." The Court of Appeals found that the circuit court's award of the additur amounted to manifest error and reversed and reinstated the original jury verdict.

## II.

¶**4.** The law on the subject of additurs is well-settled, and begins with Miss. Code Ann. § 11-1-55 (1991):

> The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of the credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remittitur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remittitur.

¶5. This Court further stated, in **Rodgers v. Pascagoula Public School District**, 611 So.2d 942, 945 (Miss. 1992):

> The scope of appellate review in an additur appeal is limited to determining whether the trial court abused its discretion. **State Highway Comm'n v. Warren,** 530 So.2d 704, 707 (Miss. 1988). This Court has further noted that the party seeking the additur has the burden of proving his injuries, damages and loss of income. In determining whether this burden is met, this Court must view the evidence in the light most favorable to the defendant, giving that party all favorable inferences that reasonably may be drawn therefrom. Miss. Code Ann. § 11-1-55 (Supp. 1990); **Odom v. Roberts**, 606 So.2d 114 (Miss. 1992); **Copeland v. City of Jackson**, 548 So.2d 970, 974 (Miss. 1989); **Hill v. Dunaway**, 487 So.2d 807, 811 (Miss. 1986). Awards fixed by jury determination are not merely advisory and will not under the general rule be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous. **Mississippi State Highway Comm'n v. Antioch Baptist Church**, 392 So.2d 512, 514 (Miss. 1981) *citing* **Toyota Motor Co. v. Sanford**, 375 So.2d 1036 (Miss. 1979) and **Wamble v. Mississippi State Highway Comm'n,**

123 So.2d 235 (1960); *see also Stanford Products, Inc. v. Patterson*, 317 So.2d 376 (Miss. 1975). This is because the amount of damages awarded is primarily a question for the jury. *South Central Bell Telephone Co. v. Ellis*, 491 So.2d 212, 217 (Miss. 1986); *Edwards v. Ellis*, 478 So.2d 282, 289 (Miss. 1985). Additurs represent a judicial incursion into the traditional habitat of the jury, and therefore should never be employed without great caution. *Gibbs v. Banks*, 527 So.2d 658, 659 (Miss. 1988).

¶6. Lois Taylor was 39 at the time of trial. She had four children between the ages of 19 and 8. As a result of the accident Lois Taylor alleged that she suffered lacerations to her right ear and face and chronic pain in the back of her head, neck, shoulder, back and right leg. Lois Taylor, her husband, and several of her friends testified as to how her injuries detrimentally affected her life, preventing her from doing housework, keeping a garden, and other physically-oriented activities. She underwent two surgeries to remove glass from her face; several epidural steroid injections; a percutaneous discectomy; a discogram; a chemonucleolysis procedure; a laminectomy surgery on her back; and surgery to correct a scar on her jaw. Lois Taylor introduced evidence of $42,000 in medical expenses. Some of these were vigorously contested by Jack Gray Transport, such as the $20,400 charged by Dr. John McFadden of Tupelo, who specialized in pain medicine, and the $5,295 by Dr. William Brown, a neurosurgeon who operated on Taylor. McFadden performed the epidural injections, the discogram and the percutaneous discectomy; Brown did the chemonuclelysis and the lumbar laminectomy surgery.

¶7. Dr. Charles Currie, a neuroradiologist who testified as an expert for Jack Gray Transport, reviewed Lois Taylor's lumbar x-rays after the accident and found them normal; reviewed a CAT scan of her spine and found a mild central bulge of disc L4, 5 which did not result in nerve root compression or significant narrowing of the canal; found no disc herniation; identified the discogram as an obsolete medical procedure which he had never performed and no one at the North Mississippi Medical Center had privileges to perform; and stated that he would not have recommended surgery for Lois Taylor.

¶8. Taylor had dropped out of school in the 11th grade and had worked as a sewing machine operator in garment and furniture factories. She was working as a sewing machine operator for Twentieth Century Furniture in Okolona at the time of the accident. After the accident in question Taylor claimed that her wages at the time of her accident had been $12,971 annually. Taylor alleged that she had lost wages of $82,000 from the date of the accident to trial. She further alleged that she could no longer do her job because it required sitting for long periods of time and then lifting bundles of fabric which weighed up to fifty pounds, which the pain caused by her back condition prevented her from doing. Twentieth Century Furniture closed down in 1991. Taylor stated that she had filled out applications at unemployment offices in West Point and Aberdeen and various area employers and had not heard from them, allegedly because of her physical condition. Dr. Shull, an economist, testified that Taylor had a 22.9 year expected work life and estimated her lost total income at $297,000. Dr. Thomas, a rehabilitation counselor, testified that Taylor had a reduction in earnings capacity of 80 percent.

¶9. The Court of Appeals in reversing the lower court stated, "The fact that the jury apparently chose to accept some witnesses' testimony over others does nothing to demonstrate bias, passion, or prejudice on the part of the jury. The verdict indicates the jury either rejected certain evidence or

substantially discounted it in arriving at a verdict. There is no rational basis to conclude that this resolution of conflicting evidence was the result of anything other than proper jury deliberation." COA Majority at 5. The trial court is not to substitute its judgment for the collective judgment of the jury because the compensation awarded to a plaintiff is inadequate. Neither should the Court of Appeals or this Court substitute its judgment.

¶10. The Court of Appeals had previously remanded the case back to the trial court for the sole limited purpose of requiring the trial judge to make specific findings of fact and conclusions of law to support the additur. It appears to this Court that the trial judge specifically followed those directives as the response states "[t]he jury verdict for Plaintiff's damages was extremely low verdict shocked the conscience of the court, and indicated bias, prejudice and passion on the part of the jury."

¶11. Close examination of the record to ascertain if there is support for the trial judge's additur is warranted. Considering Lois Taylor's $42,165 medical bill, loss of wages from the date of the accident until the end of the trial at $82, 106.43 and her life expectancy of 22.9 years which would account for a future income loss of $297,000, the jury verdict is somewhat suspect. Second, considering that defense counsel admitted liability and appeared to only be contesting a limited portion of Taylor's medical bills, and the degree of Lois Taylor's pain and suffering, the jury award is further suspect. More importantly, considering that defense counsel emphatically instructed the jury that it should return a verdict substantially larger than the $67,000 verdict returned, it is apparent that more was involved here than the jury simply reaching a verdict considering the worth of testimony and credibility of the witnesses, or rejecting certain evidence or substantially discounting it in arriving at a verdict.

¶12. During closing argument Jack Gray Transport acknowledged liability, saying:

> We are here, quite frankly, because we disagree on these damages. We told you on Tuesday, and I'll tell you again today as Tom Calhoun told you earlier, we were negligent. We were at fault. We never denied that we were at fault and we feel like that we owe Lois Taylor for fair, reasonable and necessary damages as a result of what we did wrong, not necessarily what someone else might have done wrong, but what we did wrong, and that's what the Court is going to instruct you.

¶13. Defense counsel analyzed the evidence on damages, and while arguing that Dr. McFadden's treatment was neither reasonable nor necessary, agreed that much of Taylor's treatment was appropriate, that there was significant loss of earnings and that Taylor did undergo a degree of pain and suffering. Defense counsel continued argument, saying: "You heard what we say that you should return, $95,917.70. Now that's just not a figure pulled out of the air." Defense counsel returned to this argument later: "I'm asking you to return a verdict for Lois Taylor for $95,917.17."

¶14. We find that there was no abuse of discretion by the circuit court in this case. When viewed against the totality of the evidence, and under the applicable statutory and case law, the amount of the jury's verdict was so meager as to be unreasonable and outrageous. The trial judge correctly awarded an additur due to the jury being influenced by bias, prejudice, or passion and the fact that damages awarded by the jury were contrary to the overwhelming weight of credible evidence. *Rodgers*, 611 So. 2d at 944. We therefore find that the Court of Appeals erred in reversing the circuit court and reinstating the jury verdict.

¶15. Lois Taylor briefly mentions two other issues raised before the Court of Appeals, that of the admissibility of portions of Dr. Currie's testimony and the reduction of Taylor's verdict in the amount of an earlier settlement. Because of our disposition of this case we need not reach these issues.

## CONCLUSION

¶16. The trial judge correctly awarded an additur of $140,000 to the jury's verdict of $67,000 because the jury was obviously influenced by bias, prejudice, or passion and the damages were contrary to the overwhelming weight of credible evidence. We reverse the Court of Appeals and reinstate the judgment of the trial court.

¶17. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE CIRCUIT COURT IS REINSTATED.**

**PRATHER, P.J., SULLIVAN, P.J., BANKS, McRAE, ROBERTS, MILLS AND WALLER, JJ., CONCUR. PITTMAN, P.J., NOT PARTICIPATING.**